In the Matter of the Application of J. CRAWFORD STEVENS and Others, Respondents, for a Certiorari Order against FRANK E. CLARKE and Others, Constituting the Board of Appeals of the City of White Plains, Appellants, Impleaded with JOHN DENEHY, as Building Inspector, etc., Defendant.

THE WAKAUF CORPORATION, Intervenor, Appellant.

Second Department, April 9, 1926.

Municipal corporations — zoning ordinance of city of White Plains — action of board of appeals in reversing refusal of building inspector to permit erection of apartment house on larger area and planned to accommodate twice the legal number of tenants was improper — requirements of zoning ordinance could be readily complied with — mere desire to obtain additional rent does not show that refusal of permit would result in practical difficulties or unnecessary hardships.

The action of the board of appeals of the city of White Plains in granting a permit to the appellant to construct an apartment house of a larger area and planned to accommodate nearly twice the number of tenants permitted by the

zoning ordinance of said city, the appellant having been denied a permit by the city building inspector on the ground that the plans of the proposed structure violated the zoning ordinance, was improper and must be set aside, since it appears that the appellant is able to comply with the regulations of the zoning ordinance and, in fact, has admitted his willingness to comply in part therewith, and since it appears further that apparently the holding that not to vary the requirements of the ordinance would result in practical difficulties or unnecessary hardships, is based primarily on the fact that if the appellant is not permitted to erect the apartment house as planned, he will be deprived of additional rent.

APPEAL by the defendants, Frank E. Clarke and others, constituting the board of appeals of the city of White Plains, and by the intervenor, The Wakauf Corporation, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 16th day of December, 1925, sustaining a certiorari order obtained by the petitioners to review the determination of said board of appeals reversing the decision of the building inspector of said city which refused a permit applied for by said Wakauf Corporation to erect an apartment building and garages in said city, and which determination granted said permit with certain modifications of plans, the order appealed from setting aside and annulling the determination of said board of appeals upon the merits.

*Samuel Faile, Assistant Corporation Counsel* [*William R. Condit, Corporation Counsel,* with him on the brief], for the defendants, appellants.

*John J. Kuhn,* for the appellant, intervenor.

*Clinton T. Taylor,* for the respondents.

KELLY, P. J. The petitioners respondents are residents and property owners in the city of White Plains in the locality immediately affected by the apartment building proposed to be erected. They were joined in their objections to the alleged violation of the Zoning Ordinance of the City of White Plains involved in the plans for said apartment, which objections were sustained by the building inspector, by a number of other residents and property owners in the vicinity.

There is no dispute that under the terms of this Building Zone Ordinance an apartment building may be erected upon the plot in question at Maple and Greenridge avenues. The petitioners are not before the court objecting to the erection of an apartment building, provided it is erected in accordance with the provisions of the Building Zone Ordinance. Again, there is nothing in the record to show that there is any physical difficulty in the way of erecting an apartment building which will conform to the require-

ments of the ordinance. The learned trial justice at Special Term said in his opinion, " it does not satisfactorily appear that there are practical difficulties or unnecessary hardships that justify the action of the board of appeals in sustaining the appeal of said corporation. The only difficulties to be encountered or hardships to be suffered by the said Wakauf Corporation, if any, will be the result of its own deliberate attempt to build an apartment house in a restricted neighborhood in violation of the Zoning Ordinance of that section." I agree with the learned justice, and I cannot find in the record any evidence whatever justifying the board of appeals in overruling the rejection of the plans by the building inspector.

Mr. Kaufman, the treasurer of the Wakauf Corporation, a New York city concern, who started out with the plan to put a public garage in the basement of what he describes as a contemplated first-class apartment house equal to the best on Riverside Drive, asks to be permitted to exceed the limits of the area allowed to such buildings, and the height, apparently without reason (because before the board of appeals he expressly offered to reduce the area to be covered to the statutory limit of thirty-five per cent), and the limitation as to the number of families allowed in such a building — asking that he be allowed to house ninety-two families instead of fifty-three allowed by law, solely because he expects to collect forty dollars per room, and with the increased number of rooms he will collect more rent. There is not a word of evidence to show that the rental from the fifty-three families would not be a fair and reasonable return on the cost of erecting the apartment according to law.

The board of appeals may in a specific case, after notice and hearing, " vary the application of the use and area district regulations " established by the Zoning Ordinance. The exact wording of the ordinance in granting them power is: " 9. Vary in harmony with its general purpose and intent, so that substantial justice may be done, any requirements of this ordinance where carrying out the strict letter of its provision would result in practical difficulties or unnecessary hardships."

But it seems to me to be a startling proposition to say that the common council of White Plains having enacted these zoning laws, and the petitioners and their neighbors having purchased their property and erected their homes in reliance upon these laws, the Wakauf Corporation may, upon the most general and, to me, unconvincing statements concerning its past history and benevolent intentions, do away with the White Plains regulations,

solely upon the ground that a building erected according to law would not bring in as much money as a building erected contrary to law.

That is all there is to it. The intervenor, appellant, bought this vacant plot of ground for $62,500. It proposes to build an apartment house. Despite all the somewhat loose talk about the superior quality of the proposed apartment house, the original intention was to put a public garage in the basement or first floor in direct violation of law. When the building inspector rejected his plans for that among other reasons, the application for a " public " garage is withdrawn, although it is still proposed to put automobiles in the basement of this " first-class " apartment.

There is no dispute that the apartment building can be erected on the thirty-five per cent area prescribed in the ordinance. The intervenor, appellant, voluntarily offered to comply with this requirement on the hearing before the board of appeals. But as to the height and number of families, the appellant proposes to violate the law, simply that it may put in ninety-two families instead of fifty-three and collect the extra rent.

It submits no figures as to the proposed cost of the structure. Indeed, the whole enterprise seems to be in a rather embryonic condition. No contracts for construction have been made. The appellant had not even taken title when the application was made.

There is no evidence to show that the return from fifty-three families will not be all that a reasonable man should ask. It seems to me the board of appeals are over generous to the intervenor, appellant. To increase its rent roll, they do away with the law enacted by the common council of White Plains for the protection of its citizens. It is no wonder that the learned justice at Special Term said in his opinion that if their action in the matter was lawful, there is nothing to prevent them from nullifying the entire Zoning Ordinance as a matter of favor to an applicant.

On September 30, 1925, the building inspector refused to grant the permit for the erection of the apartment building, applied for by the Wakauf Corporation, the intervenor, appellant, upon the ground that the premises are located in a class C residential district defined in the Zoning Ordinance of the City of White Plains, and,

1. The ordinance limits the area which may be covered by such a building to thirty-five per cent of the plot. The building in question is planned to cover thirty-seven and nine-tenths per cent of the plot.

2. The number of families allowed in an apartment building erected on such lot in conformity to law is fifty-three; the applicant proposes to house ninety-two families.

3. The plans called for a garage to accommodate forty automobiles, whereas but three were permitted in such a building under the provisions of the law.

The Wakauf Corporation filed with the board of appeals a petition for a review of the decision of the building inspector. It is provided in the White Plains Zoning Ordinance (Art. IV, § 19, subd. 9) that said board of appeals may in a specific case after public notice and hearing vary the zoning regulations " in harmony with their general purpose and intent   *   *   *   so that substantial justice may be done   *   *   *   where carrying out the strict letter of its provision would result in practical difficulties or unnecessary hardships."

The board of appeals, in the original return to the certiorari order contented itself with stating the facts concerning the appeal, the several hearings had thereon, the appearance of the protesting property owners, followed by the statement, " it was found   *   *   * that said premises are suitable for the erection of the building in question provided the garages are eliminated and that should the board grant permission for the erection of same, substantial justice would be done and the safety of the public would not be interfered with; whereas in carrying out the strict letter of the Zoning Ordinance it would result in practical difficulties and unnecessary hardship." The return states that after due deliberation it was resolved that the petition of the applicant herein be granted, eliminating the garages from the proposed building.

The testimony taken before the board of appeals at the hearings is printed in the record.

On October 19, 1925, at the end of the hearings, " Mr. Hite sums up for the objectors. Mr. Taylor sums up for the objectors. Mr. Wood asks that the petition be granted. Vote taken on the application and granted." Possibly this may have been the shortest way to end the matter, but I repeat that there appears to be an entire lack of evidence justifying this board of appeals in setting aside the law.

When the property owners on October twenty-sixth obtained the certiorari order requiring the board of appeals to return their proceedings to the court, and the board made its return with the testimony attached, it evidently became apparent to the learned justice at Special Term that there was absolutely nothing in the record to warrant reversal of the decision of the building inspector and the setting aside of the zoning regulations, so he made an order directing the board of appeals " to file a further return in which shall be stated the practical difficulties or unnecessary hardships upon which said board based its deci ion sustaining the appeal of the Wakauf Corporation."

Thereupon the board on December 2, 1925, filed its "further return" reciting that they have passed an additional resolution. In this further return they say the petitioner "withdrew his application as to maintaining a garage in the basement of said building," and then the board proceeds to state their conclusions. They say the character of the neighborhood has changed. But aside from the fact that a Baptist church is in course of erection in the neighborhood and that it is proposed to erect a Young Men's Christian Association building adjoining the church, both of which structures are permitted by the Zoning Law, there is in my opinion an entire absence of evidence to sustain this statement in the amended return. The "Greenridge Inn" referred to is a conservative, quiet establishment which was in operation before the Zoning Laws took effect. The "new city firehouse" has not been started and it is not in this immediate vicinity. The so-called "new business zone" is certainly not on either of the blocks where these protesting property owners reside. I repeat that there is no evidence of any "changing character of the neighborhood" except the change proposed by the appellant's apartment house. The property owners concede that, much as they dislike it, apartment houses may be erected in this locality. But they protest that such apartment houses should comply with the law, and the statement in the return that "the property is of little value for anything other than apartment house uses," is, it seems to me, entirely gratuitous.

When we have in mind that the applicant's treasurer, when confronted by these protesting property holders, graciously waived his plan to put a public garage in the basement of this "high class building," when we have in mind the concession by counsel that it was entirely feasible to reduce the area to the thirty-five per cent required by law — it is rather difficult to understand why the board of appeals gives the applicant more than it asks for, allowing it to violate the restriction by occupying thirty-seven and nine-tenths per cent of the area.

But the statements in the "further return" concerning the alleged "practical difficulties or unnecessary hardships" of complying with the law are not sustained by any evidence before the board of appeals. They report that the excess area sought to be used "is negligible in so far as it affects the neighboring property." But if so, why should the law be violated, especially as the applicant has offered to comply with the law? The board says the "excess area * * * will permit the erection of an apartment building containing larger rooms than the thirty-five per cent area would allow, thereby promoting the public health, safety and welfare."

But Mr. Kaufman, the treasurer of the applicant, on cross-examination, admits that an apartment house for fifty-three families (the number limited by the Zoning Resolution) can be built on the plot, that the law relating to area, height and number of families housed can be obeyed, and that in such a lawful building the size of the rooms would be larger than the size of the rooms in his proposed unlawful structure. He testified that his corporation was not in fact the owner of the property when he filed his application. Title passed to his company on October first. He had not signed any agreement for his alleged loan, and when he went to visit the financiers who put up the money on these enterprises he " *first submitted a plan of a smaller number of rooms* and the *present plan* was worked out through *their own architects* in conjunction with our own office."

The first plan prepared by Kaufman complied with the law, so we are really dealing with the plans of one of the loaning companies. It really is not any " practical difficulty or unnecessary hardship " of the builder, but of the money lender, that confronts us.

I cannot see anything in the evidence to warrant the solicitude of the board of appeals concerning the " public health, safety and welfare."

Mr. Justice TOMPKINS says: " It does not satisfactorily appear that there are practical difficulties or unnecessary hardships that justify the action of the board of appeals in sustaining the appeal of said corporation."

The board says:

" WHEREAS, it appears to this Board that because of the high cost of land and the high cost of building construction and the high character of the building proposed to be erected, and because of the fact that if a small apartment house was erected, the owner would have difficulty in obtaining a reasonable building loan and would have difficulty in obtaining sufficient gross rent to justify the erection of a building which the land is suitable for and the surrounding neighborhood demands, and because of the matters hereinabove set forth, and

" WHEREAS, it appears that because of the Zoning restriction of height and because the number of rooms desired appear necessary in order to erect a high class building, as proposed, upon a sound business basis and compatible with the cost and value of the land and in keeping with the surrounding territory, and

" WHEREAS, the refusal of a permit to build in accordance with the plans prepared and the necessity of replanning the proposed building, rearranging the rooms and apartments and refinancing the project would present practical difficulties to the owner, and

" WHEREAS, it appears that the dismissal of the appeal would impose upon the owner hardships and difficulties, both unnecessary and impractical, and

" WHEREAS, substantial justice will be done by sustaining the appeal herein, and

" WHEREAS, this Board has the power, in passing upon appeals where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the Zoning Ordinance of the City of White Plains, to vary or modify any requirements of said Ordinance so that the spirit of the Ordinance shall be observed, public safety secured and substantial justice done, and in the opinion of said Board such power should be exercised, now therefore be it

" *Resolved,* that the appeal of the Wakauf Corporation be and it hereby is sustained and permission is hereby granted for the erection of said building in accordance with the plans filed with the Building Inspector of the City of White Plains, except, however, that the garage shown upon said plans, is hereby eliminated and the construction thereof is disallowed."

Certainly the board has indulged in findings and conclusions which have no support in the evidence. I am not referring to any issuable fact arising from the evidence of the property owners. I say that the evidence of Mr. Kaufman, the treasurer of the Wakauf Company, does not justify the conclusions of the board.

Aside from the fact that he voluntarily agreed to put up his building on the legal thirty-five per cent area (despite which agreement the board assumes to invalidate the law), there is nothing in the record to show that " if a small apartment house was erected, the owner would have difficulty * * * in obtaining sufficient gross rent to justify the erection of a building which the land is suitable for."

There is no evidence of the actual cost of the proposed building. The cost of the land was but $62,500. Mr. Kaufman says: " The cost will be in excess of $900,000." But there is not a word to show how, when or where this $900,000 or more is to be spent. Is the money lender to get a " bonus? " The evidence is nothing but Mr. Kaufman's guesses or conclusions — " in other words, we would have small, little rooms, and we couldn't get the rent." He testifies on cross-examination that the rooms shown on his original legal plan for fifty-three families were *larger* than the rooms on this illegal plan drawn by the money lender. Every time he is questioned about complying with the law he refers to a " cheap type of stucco building." No one was suggesting a " cheap type of stucco building," and for that matter the record

is silent as to what the materials contemplated are. He did not have the figures with him. He says: "We couldn't make any money out of it," but asked: "Q. Where are your figures justifying that statement? A. That is from experience, my own knowledge. Q. Have you ever figured it out so that you could put it clearly before this board? A. We are not in a class of putting up a stucco house of that nature. I personally never built one and don't want to build one."

But his own original plan called for a legal building, and apparently he had no trouble in designing such a building.

He expects to get forty dollars per room per month from 300 rooms, but there is not a line of evidence justifying the findings in the amended return that there are " practical difficulties or unnecessary hardships " excusing the applicant from complying with the law. Mr. Kaufman is the only witness called by the Wakauf Company to justify its attempt to nullify the law.

I think the applicant was bound to prove facts, not conclusions of the witness.

I think the recent opinion of Chief Judge HISCOCK affirming this court in *Matter of Wulfsohn* v. *Burden* (241 N. Y. 288) may be studied with profit by these gentlemen, and our brethren in the First Department have more recently announced that restrictive provisions are not mere " scraps of paper." (*Forstmann* v. *Joray Holding Co., Inc.,* 216 App. Div. 135.) I agree with Mr. Justice TOMPKINS in his statement: " I think the building inspector was right in refusing the application of said corporation for a permit to construct such an apartment house and that the board of appeals was without authority to reverse his action and grant the building permit. If the board of appeals had such authority, then it could entirely nullify the Zoning Ordinance and grant a permit for an apartment building for 200 families per acre or any other number in excess of 53 as limited by the ordinance, and in my opinion the other two objections to the proposed building are substantial, and are material deviations from the operations of the Zoning Ordinance."

The other two objections relate to the excess over the thirty-five per cent area to be occupied by the building, as to which the appellant expressed its willingness to comply with the law, and the other the excess in the height of the building over the thirty-five-foot limit imposed by the law. Three-quarters of the building exceeds the height limit in the Zoning Ordinance, "somewheres around that," — about fourteen feet over the statutory height. Mr. Kaufman says he has " the *New York* Code here, which very substantially takes care of that, otherwise the top of our roof, if

it were taken from some other datum point, you could almost walk on our roof. It would make a freak building; couldn't build a building of that kind."

Again, this is "loose talk." No one suggested any construction by which "you could almost walk on our roof." And we must remember that Mr. Kaufman's original plan was in compliance with the Zoning Ordinance, fifty-three families, thirty-five per cent area and thirty-five-foot height, which appears to have been entirely practicable, with larger rooms for the tenants.

The desire of the property owner to obtain more money from the building, standing alone, is no evidence of "practical difficulties or unnecessary hardships." I quote from respondents' points: "The Board of Appeals, just as we anticipated, did, on being compelled to specify its reasons, express its opinion as to why the Wakauf Corporation's property should be differently zoned. Of course, that is not a matter addressed to the Board of Appeals. It is one solely in the jurisdiction of the Common Council, and the fact that the Wakauf Corporation's property is not zoned for business is not a practical difficulty or unnecessary hardship. There is a definite method for the change of district use under the Zoning Ordinance, by petition addressed to the Common Council (Article VI, Section 23). This method the Wakauf Corporation had the privilege of pursuing, but it did not do so. Therefore, if it be argued that the Board of Appeals based its decision on what it claims is the change of character of the district (which, in fact, as we have shown above, is no change whatever, as every use referred to is a use permitted) it still may not, under the guise of a claimed hardship or difficulty, virtually change a district, a matter solely committed to the Common Council. * * * The Board of Appeals had, therefore, exceeded its powers and attempted to exercise the powers of the Common Council to amend the ordinance; but the ordinance has not been amended. It is still in existence, and the Board of Appeals had no power to change it. There is something beyond money return on investments that is valuable to the law abiding residents of a one-family residence neighborhood."

I wish to add a word as to our decision in *Matter of Barker* v. *Switzer* (209 App. Div. 151; appeal dismissed, 238 N. Y. 624), cited by appellant. In that case we affirmed a mandamus order requiring the building inspector of New Rochelle to issue a permit for the construction of an apartment house. We held that section 12 of article 2 of the Zoning Ordinance of New Rochelle restricting the number of families that might lawfully be housed on an acre of ground or a fractional part thereof, was not authorized by sub-

division 24 of section 20 of the General City Law. That decision was handed down on May 2, 1924, and the appeal was dismissed in the Court of Appeals on July 5, 1924. But by chapter 394 of the Laws of 1925, taking effect April 8, 1925, the Legislature has amended subdivision 24 of section 20 of the General City Law to meet the very criticism in the case of *Matter of Barker* v. *Switzer (supra).* Every city is now empowered to enact zoning ordinances regulating the height and bulk of buildings to be erected " *and to regulate the density of population in any given area."* The words italicized have been added to the statute, as we may well say, to meet the defect in the law pointed out in our opinion.

The added burden of ninety-two families over the fifty-three families allowed by the Zoning Law, the added congestion in the comparatively narrow streets caused by automobiles, delivery wagons, the noise, the destruction of all that made the locality attractive for homes, is graphically described by the respondent property owners. Respondents' witness Byrne, a resident in White Plains for thirty-five years, formerly the village engineer, county engineer and chief engineer of the Bronx sewer, testifies that the new apartment house " would seriously tax a part of the sewage system," that is, the portion of the sewer draining this identical locality. The sewers in Maple avenue and Greenridge avenue are eight-inch sewers. He testified in detail to their insufficiency to accommodate the increased population of an apartment house. Mr. Byrne's testimony is important and interesting as showing the practical result of placing buildings in a locality never contemplated when these eight-inch sewers were laid. And surely an increase of forty families in a given building over the limitation imposed in the Zoning Law of White Plains is a serious matter. I do not find any evidence that Mr. Kaufman has ever considered this matter. Certainly he does not in any way meet the objection. I think the criticisms of this court in *Matter of Barker* v. *Switzer (supra)* are obviated by the express amendment by the Legislature supplying the defect.

I refer to the very important declaration of the Court of Appeals speaking through the chief judge in *Matter of Wulfsohn* v. *Burden (supra).* He says the appellant has the burden of overcoming the presumption of constitutionality applicable to the zoning ordinances " by reference not only to facts of which we may take judicial notice but also facts appearing in the affidavits. He must demonstrate that, as matter of law, these regulations are unconstitutional and that there is no permissible interpretation of all of these facts which justifies their adoption as a reasonable exercise of the broad police power of the State."

The learned chief judge refers to the congestion caused by large apartment houses, the dangers of traffic, especially to children, the danger of fire, spread of disease and epidemics, as well as the " advantages and value of property devoted to private residences." I will not add to the length of this opinion by quoting Chief Judge HISCOCK's opinion in full. It seems to me to be a complete answer to the arguments advanced by the appellant in this case. I think the attitude of the appellant is unreasonable and illegal, displaying a contempt of the rights of the property owners, respondents. I recommend that:

The order setting aside the determination of the board of appeals of the city of White Plains and sustaining the determination of the building inspector of said city should be affirmed, with costs.

Present — KELLY P. J., JAYCOX, YOUNG, KAPPER and LAZANSKY, JJ.

Order setting aside determination of board of appeals of the city of White Plains and sustaining determination of the building inspector of said city unanimously affirmed, with costs.