In the Matter of the Application of ARLINGTON C. HALL, Petitioner, for a Peremptory Order against EDWARD P. LEONARD, as Borough Superintendent of Buildings for the Borough of Bronx, Respondent.

Supreme Court, Special Term, Bronx County, July 2, 1940.

*Charles Lamb [Raymond B. Stringham* and *William Alston Lamb* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel [Charles C. Weinstein, Bernard Friedlander, Selma L. Block* and *Carl Seeman, Jr.,* of counsel], for the respondent.

LEVY, J. This is a proceeding under article 78 of the Civil Practice Act to compel the respondent to issue to petitioner a permit authorizing the construction of an apartment house upon his land. The motion is met by an application under section 1293 of the Civil Practice Act to dismiss the petition as a matter of law.

Petitioner's plans were rejected upon the ground that his property, under the provisions of the building zone resolution, as now amended, is located in a " G " area, restricted to single family dwellings. The amendatory resolution by which the area was changed from an " F " to a " G " zone was adopted by the city planning commission on October 11, 1938. It is charged that the resolution is wholly invalid for the reason that the commission is not invested with power to rezone upon the basis of density of population. Moreover, even if it had such power, the resolution as adopted departed from the one advertised and, therefore, the commission invalidly exercised such power in a manner not in conformity with the requirements of section 200 of the New York City Charter.

As appears from the briefs of both parties and with the exceptions hereafter noted, there are no disputed facts with relation to those contentions, since the entire issue rests practically wholly upon matters of record. It is stated in respondent's brief that " There is no dispute herein as to the facts, and the sole question presented by petitioner's application is one of law." He claims, however, both the existence of requisite power and its proper exercise. Admittedly, after a hearing was held by the city planning commission upon the proposed resolution, and closed on October 6, 1938, a further amendment was made and the resolution as so amended was adopted on October 11, 1938, without further notice or hearing. In this connection it was said in *Village of Mill Neck* v. *Nolan* (233 App. Div. 248; affd., 259 N. Y. 596): " In our opinion, the zoning ordinance of the plaintiff was not

adopted in conformity with the provisions of the statute (Village Law, §§ 178, 179, added by Laws of 1923, chap. 564), in that substantial changes and amendments were made by the board of trustees subsequent to the public hearing held upon the proposed ordinance and without any new public hearing upon such changes and amendments. The said ordinance is, therefore, void." Conflicting claims are made upon the question whether the departure in this case was substantial. That issue, however, cannot be determined upon the petition or briefs and its existence is no ground for dismissal.

Quite apart therefrom is the claim of lack of power. It is conceded that no provision of the New York City Charter, Administrative Code or other local law expressly confers upon any agency the power to rezone upon the basis of density of population. Respondent urges, however, that such power was conferred upon every city by the provisions of subdivision 24 of section 20 of the General City Law, and that nothing contained in the New York City Charter thereafter adopted repealed it, either expressly or by implication. True it is that the city of New York is enabled under the General City Law provisions to restrict the use of property to single family dwellings. That power, however, and the provisions conferring it are not self-executing, nor has it been delegated to any of the city's agencies. The failure to do so leads to the inescapable conclusion that this city has not elected to avail itself thereof. In the absence of appropriate legislative sanction the attempted regulation would be an unauthorized exercise of public dominion over private right. (*Matter of Stevens v. Clarke*, 216 App. Div. 351.)

Section 200 of the New York City Charter and sections 200-1.0 and 200-2.0 of the Administrative Code of the City of New York are the only enactments referred to in this connection. It is significant, however, that those provisions invest the *city planning commission* with power to regulate and limit the height and bulk of buildings, the area of yards, courts and open spaces, the location of trades and industries and the use of buildings, all of which are likewise contained in the enabling provisions of the General City Law, but are wholly silent concerning the power to regulate density of population. That specific power has not been delegated to the commission. Since it is in derogation of the common law, its inclusion may not be implied, and for the same reason the provisions of section 200 of the charter must be specifically followed and strictly construed. (*Matter of City of Buffalo*, 78 N. Y. 362.) Thus the contentions of the respondent are wholly without merit, and, in the circumstances, offer no sufficient defense as a matter of law.

It is urged, however, that the claim is unenforcible because this proceeding was not brought within the statutory limitation of time. There appears to be some dispute whether the four months' period began to run on January 11, 1940, or on February 8, 1940. In the former case service would be required not later than May 11, 1940. On that day, which was a Saturday, a holiday seems to have been declared by the mayor for all city employees to enable them to attend the opening of the World's Fair. Consequently, an attempted service on that day aborted and was finally effected on Monday, May 13, 1940. At all events, for aught that appears from the petition, the proceeding was timely brought.

The motion of the respondent will, therefore, be denied and the petition granted. Settle order on one day's notice.