# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### October 13, 1922.

## PEOPLE v. WILLIAM De GOODE.

### (203 App. Div. 35.)

GRAND LARCENY, FIRST DEGREE—INSTRUCTIONS—DEFENDANT CHARGED WITH OBTAINING MONEY FOR DEED TO REALTY BY FALSELY REPRESENTING THAT COMPANY OF WHICH HE WAS PRESIDENT OWNED REALTY—COMPANY HAD EQUITABLE TITLE ONLY—ANOTHER COMPANY HAD RECORD TITLE BUT WAS IN FACT LIENOR—NO EVIDENCE THAT DEFENDANT REPRESENTED THAT HE HAD LEGAL, MARKETABLE AND RECORD TITLE—INDICTMENT CHARGED THAT NEITHER DEFENDANT NOR HIS COMPANY HAD ANY TITLE OR RIGHT TO CONVEY—ERROR FOR COURT TO INSTRUCT JURY THAT THEY MIGHT FIND THAT DEFENDANT REPRESENTED THAT HIS COMPANY HAD LEGAL, MARKETABLE AND RECORD TITLE.

Upon the trial of an indictment for grand larceny in the first degree charging that the defendant, by falsely and fraudulently representing that a realty company of which he was president owned certain realty, obtained money in exchange for an instrument purporting to be a deed to an interest in the property, it was reversible error for the court to instruct the jury that they might find that the defendant represented that he had a legal, marketable and record title to the property, where it appears that the said company had the equitable title; that another realty company had the record title but was in fact only a lienor; that there was no evidence that the defendant said that he had a legal, marketable and record title, and that the indictment charged that neither the defendant nor his company had any title or right to convey.

APPEAL by the defendant, William De Goode, from a judgment of the County Court of the county of Kings, entered in the office of the clerk of said county on or about the 9th day of March, 1921, convicting the defendant of the crime of grand larceny in the first degree.

*Peter P. Smith* (*William H. Good* and *Joseph G. Finklestein* with him on the brief), for the appellant.

10

*Ralph E. Hemstreet, Assistant District Attorney (John E. Ruston, District Attorney,* with him on the brief), for the respondent.

BLACKMAR, P. J.:

The defendant was indicted for grand larceny in falsely and fraudulently representing that the Schnell Realty Company, of which he was president, was the owner of certain real property in the borough of Brooklyn and thereby obtaining from the complainant the sum of $3,000 in exchange for an instrument that purported to be a deed of the said company for an undivided three-eighths of the property. The People offered evidence of the representations, and that the record title of the property was in the Winare Holding Company, and rested.

The defendant then established, by the uncontradicted evidence of disinterested witnesses, that the Schnell Realty Company held, by assignment, a contract for the purchase of the property from Johanna Bach, the owner; that to enable him to close the title, the defendant, acting for the Schnell Realty Company, borrowed from a witness, Herman Gettner, who acted for the Winare Holding Company, the sum of $1,750; that Gettner required that the property should be conveyed to the Winare Holding Company as security for the loan; that the title was closed under the contract held by the Schnell Realty Company; that the consideration, about $5,600, over and above mortgages on the property, was paid by defendant, and that the conveyance was made to the Winare Holding Company according to the agreement. This was the condition of the title when the defendant obtained $3,000 from complainant.

The only question of false representation submitted to the jury was as to the ownership of the property. The court charged the jury that if the defendant, when he represented that he owned the property, honestly meant that he had an equitable title thereto, and if the jury believed the witnesses

who testified that he did have an equitable title, they should acquit; but, on the other hand, if they should find that when the defendant told the complainant that he owned the property he intended her to understand, and she did understand, that he had a "legal, marketable and record title" to the property and "had the right to convey a marketable title to her," then if he did not have such title, they might convict. To this the defendant excepted, calling the court's attention to the fact that there was no evidence that the defendant said that he had a legal, marketable and record title thereto, and that the indictment charged that neither the defendant nor the Schnell Holding Company had any title thereto nor any right to convey any interest therein.

It was established by evidence which under well-recognized rules (Hull v. Littauer, 162 N. Y. 569) neither the court nor the jury could disregard, that the Schnell Realty Company was the assignee of the vendee of an executory contract by the owner for the sale of the property. It was, therefore, in equity the owner of the property and as such equitable owner could maintain an action for specific performance. (Epstein v. Gluckin, 233 N. Y. 490.) This condition was not changed by the deed to the Winare Holding Company, which held the legal title, but was in equity a lienor only. On payment of its lien a court of equity would decree conveyance to the Schnell Realty Company to prevent a fraud. (Horn v. Keteltas, 46 N. Y. 605; McKinley v. Hessen, 202 id. 24.) The so-called deed by the Schnell Realty Company to the complainant herein, inept to convey a legal title, was competent to and did convey to the complainant a three-eighths interest in such equitable title enforcible in a court of equity. We learn from many cases which have come before us that it is common for dealers in real property to carry the legal title in so-called "dummies," and to deal with it under the name of the owners, although their title is equitable. The representation that the Schnell Realty Company was the owner of the property was not, therefore,

false unless something be added to it by interpretation. (Ætna Fire Ins. Co. v. Tyler, 16 Wend. 385; People v. Wheeler, 169 N. Y. 487; Pelton v. Westchester Fire Ins. Co., 77 id. 605.) There is nothing in the record to enlarge the literal meaning of the words of the representation as charged in the indictment and testified. to on the trial. The defendant represented that the Schnell Realty Company was the owner. It was the owner in equity. He did not represent that it held a legal title, nor a marketable title, nor a record title. A title may be either legal or equitable; a legal title may be a record title or not; and a record legal title may be marketable or not. It was error to permit the jury to find that the defendant represented that the Schnell Realty Company had a legal, marketable and record title. This was not charged in. the indictment and there was no evidence to sustain the finding.

The judgment should be reversed on the law and facts, and a new trial ordered.

KELLY and MANNING, JJ., concur; KELBY and YOUNG, JJ., concur in the result, on the ground that the charge was erroneous in that it permitted the jury to convict if they found that the defendant did not have a record and marketable title, even if he had a legal title; that the issue was whether the defendant stated to Mrs. Trimmer that he owned the property, and intended thereby to have her believe that he had the legal title thereto, and that she so understood.

Judgment of conviction by the County Court of Kings county reversed on the law and the facts, and a new trial ordered.