THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. PARRY, and Others, Relators, *v.* WILLIAM E. WALSH and Others, Constituting the Board of Appeals, City of New York, Defendants.

Supremé Court, Kings County, October, 1923.

Certiorari — proceedings and determination — review of action of board of appeals of New York denying application for permit to erect public garage in area restricted to business uses — action of board illegal within meaning of statute (Laws of 1916, chap. 503, § 719-a) — determination of board reversed, writ sustained and permit applied for ordered issued.

Where the petition for a writ of certiorari fully recites in what respects it is claimed that the action of the board of appeals in denying relator's application for a permit to erect a public garage in an area restricted to business uses was erroneous, illegal, biased, discriminatory, prejudicial and created undue hardship, a return to the writ, which states that the reason for denying relator's application was " the best interest of the community " and to prevent " the desecration of the community " wholly fails to satisfy the requirements of the statute (Laws of 1916, chap. 503, § 719-a) that such return " must concisely set forth such other facts as may be pertinent and material and to show the grounds of the decision."

It not appearing that the board determined the only question it had to decide, to wit, whether or not there were practical difficulties or unnecessary hardship in carrying out the strict letter of the law, the decision of the board, on whatever ground made, was illegal within the meaning of the statute and the matter was before the court upon the merits.

Upon a finding that the decision of the board was contrary to the weight of evidence, the writ of certiorari was sustained, said determination of the board reversed and the permit applied for directed to be issued.

MOTION for writ of certiorari.

*Andrew F. Van Thun, Jr.,* for relators.

*George P. Nicholson,* corporation counsel (*William T. Kennedy,* ot counsel), for respondents.

VAN SICLEN, J.   The relators seek to build a public garage in an area restricted to business uses and their application has been denied by the respondents constituting the board of appeals.   The latter has the right to permit the erection of the contemplated garage if it sees fit to exercise it.   The respondents in their return to the writ of certiorari state that their reason for denying the application was " the best interests of the community " and to prevent " the desecration of the community."   The character of the community can be gathered from the character of the improvements now there.   On one corner opposite the applicant's site are the car barns of the Coney Island and Brooklyn railroad. On the other corner opposite is a stable, habitually used for about

ten horses. Within the radius of one block is a label factory, a wet wash laundry, mattress factory, an automobile paint shop, a general laundry, a stable, a coal and ice plant, and a public garage. The latter is just without the restricted area affecting the site in question but is not more than two blocks therefrom. Only twenty-seven per cent of the property ownership entitled to object to the erection of the applicant's garage did object. The loudest objection appears to have been made in behalf of owners whose property is located in a wholly unrestricted area. That is to say they would be powerless to prevent the erection of this garage next door to their property, but they and the board of appeals contend that their objection to the erection of applicant's garage several blocks away, has such force and weight as to be determinative if need be. The remaining property in the affected area consists of cheap, flat-roof frame dwellings, one and two stories in height, and one brick building formerly occupied as a saloon.

It will be seen therefrom that the character of the neighborhood is quite well established and while there is a possibility that the remaining unimproved land might be improved by the erection of high class residences, the probability of such an occurrence is so remote that the erection of applicant's garage could have little or no effect thereon. All the objections filed with the board of appeals are identical in language and were taken before the same notary public and otherwise indicate that they emanated from a common source. The hearing had before the board was the usual cursory proceeding commonly had there with little regard for the real essentials or merits involved in the controversy. Some discussion was indulged in there over the alleged fact that the relator Parry was acting under an option to purchase from the owners and as agent for them. The owners have owned the site in question for many years and the fact that the relator Parry may buy the premises provided he can erect a garage thereon does not appear to the court to have any material bearing upon the issues.

The question, therefore, is whether or not it can be said that the board of appeals in denying the appeal was really acting for the best interests of the community, bearing in mind that the relators are also part of that community as well as the rightful objectors. Can it be said that a neighborhood of this character would suffer a detriment from the erection thereon of a public garage of the character contemplated? It does not seem that any rightful interest of this community has been served by their action, however good their intentions may have been. Much might be done for the benefit of this community, but in view of the fact that all the factories, stables, laundries and car barns are permanently estab-

lished there, the likelihood of any change for the better of the remaining unimproved property is most remote so that the practical effect of the prohibiting of the erection of the applicant's garage is to take from the relator's property one of the uses for which it is adapted.

What the board of appeals had decided was whether or not there were any practical difficulties or unnecessary hardship in carrying out the strict letter of the law which would justify it in varying the law. The petition herein fully recites in what respects it is claimed that the action of the board was erroneous, illegal, biased, discriminatory, prejudicial and created undue hardship. The statute (Laws of 1916, chap. 503, § 719a) requires that the return " must concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and must be verified." The return made here wholly fails to satisfy the requirements of the statute. The decision of the board is likewise defective. In this case it does not appear that the board determined the only question it had before it to decide, to wit, whether or not there were practical difficulties or unnecessary hardship in carrying out the strict letter of the law. The determination, therefore, on whatever ground it was made, was illegal within the meaning of the statute. Consequently the matter is before this court on the merits and this court finds that the decision rendered by the board was contrary to the weight of the evidence. The writ is sustained, the determination of the board reversed and the permit applied for will be ordered issued.

Ordered accordingly. _____