In the Matter of the Application of JOHN MELITA for an Order of Mandamus against JAMES M. NOLAN, as Superintendent of Buildings of the City of Albany, Respondent.

Supreme Court, Albany County, January, 1926.

**Municipal corporations — zoning ordinance — amendment to zoning ordinance passed by common council of city of Albany over protest of twenty per cent of owners affected, changing character of block from business zone to residence zone invalid under General City Law, § 83 — peremptory mandamus to compel superintendent of buildings of city of Albany to issue permit for conversion of residence property into business property — petitioner purchased property and received permit to alter residence and erect store building at time when block was in business zone — permit revoked after enactment of amendment to ordinance — board of appeals without jurisdiction to review determination of superintendent — mandamus proper remedy.**

An amendment to a zoning ordinance in the city of Albany passed by the common council of said city over the protest of twenty per cent of the owners of the frontage affected by the amendment, which changed the character of a block in said city from a business zone to a residence zone, is invalid and void, where it failed to receive the unanimous vote of the members of the council present and voting as required by section 83 of the General City Law.

Accordingly, petitioner is entitled to a peremptory mandamus order compelling the superintendent of buildings of the city of Albany to issue a permit for the conversion of defendant's residence property into business property, where it appears that after petitioner had purchased the property and received a permit for the alteration of the residence and the erection of a store building thereon, the character of the block in which the property was situated was changed from a business zone to a residence zone by the enactment of the aforesaid amendment, and the permit already issued was revoked.

The board of appeals of said city, authorized by section 81 of the General City Law, is without jurisdiction to review the determination of the superintendent of buildings by reason of the invalidity of said ordinance. Mandamus is the proper remedy.

APPLICATION for an order of mandamus.

*Hun, Parker & Reilly,* for the petitioner.

*Gilbert V. Schenck,* for the respondent.

STALEY, J.  The city of Albany in April, 1924, adopted a zoning ordinance.  By this ordinance the block on the south side of Madison avenue between West Lawrence street and Main avenue, a block of 483 feet in length, was placed in business zone No. 1.  At the time of the passage of this ordinance part of the block was used for business purposes and part for residential and apartment house purposes.

On May 2, 1925, petitioner purchased the lot on the southwest corner of Madison avenue and Main avenue with the alleged intent and purpose of converting the property, which was then occupied by a one-family residence, into business property. Thereafter the petitioner caused plans and specifications to be prepared for the alteration and improvement of said property which proposed the removal of the residence structure existing upon the lot to the rear thereof and for the erection on the Madison avenue frontage of a one-story store building.

These plans and specifications were filed with the superintendent of buildings, and on May 20, 1925, a permit was issued to petitioner for said alteration and improvement, and shortly thereafter he began the prosecution of the work pursuant thereto.

While so engaged the superintendent of buildings took possession of the permit and assumed to revoke it, assigning certain reasons for his action, the good faith of which is vigorously questioned by petitioner.

Subsequently and on July 6, 1925, an ordinance amending the zoning ordinance of April, 1924, was introduced in the common council by which it was proposed to change the uses and purposes of property in a part of said block as follows: " The Business Zone Number 1 on the southerly Side of Madison Avenue, between Main Avenue and West Lawrence Street, is changed to ' B ' Residence Zone from the westerly line of Main Avenue to a point 235.42 feet west of said westerly line of Main Avenue."

Prior to action on this amending ordinance, the owners of more than twenty per centum of the frontage affected by this amendment filed with the common council, pursuant to section 83 of the General City Law, their protest, duly executed, against the amendment and change proposed by said ordinance. The ordinance failed to receive the unanimous vote of the members of the common council present and voting when the action was taken thereon.

On October 27, 1925, for the purpose of obviating any possible objection to the plans and specifications previously filed, the petitioner filed amended plans and specifications and demanded the issuance of a permit for the alteration and erection of the structure therein set forth. A permit was refused for the reason, as stated in the petition and conceded upon the argument by the corporation counsel, that the plans contemplated a business use upon property included by the amending ordinance in a residence zone.

Section 83 of the General City Law, as added by chapter 743 of the Laws of 1920, provides in part as follows: " If, however, a protest against such amendment, supplement or change be pre-

sented, duly signed and acknowledged by the owners of twenty per centum or more of any frontage proposed to be altered &ast; &ast; &ast; such amendment shall not be passed except by the unanimous vote of the council."

The petitioner contends that the amending ordinance of July 6, 1925, is invalid and void because not passed by the unanimous vote of the council, and that mandamus will lie to compel the approval of the amended plans and specifications.

The respondent contends that the amending ordinance is a valid enactment of the council under its general charter powers which did not require a unanimous vote, and that mandamus will not lie for the reason that petitioner's remedy is to invoke the procedure of appeal from the decision of the superintendent of buildings to the board of appeals and review of its decision as provided by sections 81 and 82 of the General City Law (as added by Laws of 1920, chap. 743).

The power of municipalities to adopt general zoning ordinances must be found in a general or specific grant of power made by the Legislature under constitutional authority. The regulation of the location of trades, industries and of buildings and the uses for which buildings may be erected is a specific grant of power to cities contained in subdivisions 24 (added by Laws of 1917, chap. 483, as amd. by Laws of 1925, chap. 394) and 25 (as added by Laws of 1917, chap. 483) of section 20 of the General City Law. This grant of power is made by the express provisions of section 20, " Subject to the constitution and general laws of this state."

The power to amend a zoning ordinance is one which must be exercised in accordance with the procedure provided by section 83 of the General City Law, for the power of amendment by enactment constitutes a power to enact and such a power is made subject to a compliance with the requirements of that general law.

The general grant of power contained in section 19 of the General City Law (as added by Laws of 1915, chap. 304), and the grant of power contained in the charter of the city of Albany, and in the Second Class Cities Law, authorizing the enactment of ordinances, not inconsistent with law, for the government of the city and for the regulation, management and control of its local affairs do not authorize the adoption of an ordinance regulating the use of property which would otherwise be a lawful use. The use of private property may unquestionably be restricted and controlled for the purposes of health and safety under the general grant of power, but not for a purely æsthetic purpose designed for the maintenance or development of the beautification of the city. The power to enact zoning ordinances is, therefore, derived from the specific

grant by the Legislature to cities authorizing such enactment, and the power there conferred must be exercised subject to the limitations and restrictions which the Legislature has imposed upon it. (*City of Utica* v. *Hanna*, 202 App. Div. 610; *Matter of Barker* v. *Switzer*, 209 id. 151; *Welch* v. *City of Niagara Falls*, 210 id. 170, 175.)

The passage of the ordinance of July 6, 1925, without unanimous vote was not a valid act of the common council, and the ordinance is void and of no effect.

The board of appeals authorized by section 81 of the General City Law is a board created to perform the duty of reviewing determinations made by officials charged with the enforcement of any ordinance adopted pursuant to subdivisions 24 and 25 of section 20 of the General City Law. That board when appointed has the power of review of questions relating to zoning regulations and its jurisdiction in that regard is exclusive. Its jurisdiction contemplates a review of determinations and matters in relation to acts under the provision of ordinances which are valid enactments and which are adopted pursuant to the requirements of law. It was never intended to confer judicial power upon such a board beyond the purview of its declared authority. (*People ex rel. Cotton* v. *Leo*, 110 Misc. 519; mod., 194 App. Div. 921; *People ex rel. Cockcroft* v. *Miller*, 187 id. 704.)

Mandamus has been sustained as the proper remedy in similar cases wherein the decisions have disposed of all the contentions of the respondent. (*Matter of Palmer* v. *Mann*, 206 App. Div. 484; affd., 237 N. Y. 616; *Matter of Isenbarth* v. *Bartnett*, 206 App. Div. 546; affd., 237 N. Y. 617; *Matter of Municipal Gas Co.* v. *Nolan*, 121 Misc. 606; affd., 208 App. Div. 753.)

A peremptory order of mandamus is granted commanding the superintendent of buildings of the city of Albany to approve the amended plans and specifications filed by the petitioner on October 27, 1925, and to issue the usual permit authorizing the prosecution of the work set forth in said amended plans and specifications, with fifty dollars costs and disbursements.