In the Matter of the Application of PELHAM VIEW APARTMENTS, INC., Petitioner, for a Peremptory Order of Mandamus against WILLIAM H. SWITZER, City Building Inspector, Respondent.

Supreme Court, Westchester County, September 12, 1927.

Municipal corporations — zoning ordinances — application for mandamus to compel cancellation of revocation of building permit — building permit procured and acted on in good faith cannot be canceled under subsequent amendment of zoning ordinance — mandamus granted.

The petitioner procured a building permit for the erection of an apartment house in October, 1926, and thereafter proceeded with the completion of the purchase of the lot and with the construction of the building and expended a considerable sum of money in reliance upon the building permit. The action of the inspector of buildings of the city of New Rochelle in revoking the building permit in May, 1927, under an amendment to the zoning ordinance adopted in April, 1927, was illegal and the petitioner is entitled to a peremptory order of mandamus, no issue having been raised by the respondent, compelling the cancellation of the revocation order.

APPLICATION for a peremptory order of mandamus.

*J. Henry Esser,* for the petitioner.

*Charles Van Auken,* for the respondent.

LYNCH, J. The Pelham View Apartments, Inc., has moved this court for a peremptory order of mandamus to compel William H. Switzer, as inspector of buildings of the city of New Rochelle, to cancel his revocation of a building permit for an apartment house previously issued by him.

It appears without dispute that the petitioner purchased the real property in question, relying upon his right to the original permit issued to him to build a building, and that he paid a substantial sum of money on account of the purchase price for the same; that he thereafter employed the services of an architect, who prepared and caused to be filed plans for an apartment house building, for the building of which the original permit was issued; that, relying upon this permit, he paid additional sums on account of the purchase price, took title, and executed a purchase-money bond and mortgage. He thereafter incurred additional expense to have the land surveyed, so that the building might be properly placed thereon. That thereafter he proceeded to excavate the

35

cellar, and paid for such excavation approximately $1,000. The original permit bears date October 6, 1926. After the petitioner had acted upon this permit, and in good faith proceeded with the incurring of obligations and in excavating the cellar, on the 16th day of May, 1927, the original permit was revoked, such revocation being predicated upon an amendment to the zoning ordinance adopted April 26, 1927.

There is no issue presented on the papers before the court upon this motion as to the truth of the foregoing facts, although every opportunity was given the corporation counsel of the city of New Rochelle and the committee appointed by the mayor to do so. The motion was three times adjourned, so that every opportunity should be afforded the opposition to raise such an issue.

Under the provisions of section 1319 of the Civil Practice Act, the court is given power to grant a peremptory order in the first instance, where no issue is raised.

It was beyond the power of the common council to enact an ordinance to invalidate the permit issued and acted upon. It was likewise beyond the jurisdiction of the building inspector to revoke such permit, basing his revocation upon a subsequently enacted ordinance.

Where a permit to build a building has been acted upon, and where the owner has, as in this instance, proceeded to incur obligations and in good faith to proceed to erect the building, such rights are then vested property rights, protected by the Federal and State Constitutions. (*City of Buffalo* v. *Chadeayne*, 134 N. Y. 163.) The courts in such cases have uniformly applied the remedy of mandamus to cancel the revocation and to reinstate the permit. (*Matter of Melita* v. *Nolan*, 126 Misc. 345; *Matter of Ohlau* v. *Kleinert*, 121 id. 386.)

While it is unfortunate that the erection of this apartment house may be distasteful to people living in the neighborhood, and while perhaps it is unfortunate that their property should be thus affected, yet the protection of such rights must be legally done, and the public officials representing the people cannot legally be permitted to change the zoning law, and cancel a permit previously issued under the original zoning act, where an innocent purchaser of real estate has in good faith acted upon such official action of the city, and has thereby acquired vested rights under his permit.

This case must be distinguished from the many other cases where permits were not obtained in good faith, but merely in anticipation of an amendment to the zoning law. The facts in the present case indicate entire good faith upon the part of the purchaser, as is evidenced by the large sums of money that were paid by him on the strength of the presumed legality of his original

MATTER OF PARKER. 547

Misc. 547]    Surrogate's Court, St. Lawrence County, September, 1927.

permit. It would be nothing short of confiscation, and a complete disregard of constitutional rights, if a municipality could revoke a building permit issued under the conditions as presented in this case.

The motion for a peremptory order of mandamus is, therefore, granted. Submit order on notice, reciting all appearances.