In the Matter of the Application of ALRFED J. ELLISH, Doing Business under the Firm Name and Style of RAMAPO LAKE PARK, Petitioner, for a Certiorari Order against the ZONING BOARD OF APPEALS OF THE TOWN OF RAMAPO, ROCKLAND COUNTY, NEW YORK, Respondent.

Supreme Court, Rockland County, November 11, 1931.

*Natalie F. Couch,* for the petitioner.

*Morton Lexow [Alton W. Teale* of counsel], for the respondent.

*Ernest F. Griffin,* for Cassis and others, intervenors.

*Wood, Cook & Seitz,* for Brooklyn Children's Home, intervenor.

TAYLOR, J. By certiorari under section 349-u of the Town Law (added by Laws of 1926, chap. 714), the petitioner seeks a review of a determination of the board of appeals of the town of Ramapo. Of necessity he must have claimed that there were " practical difficulties or unnecessary hardships in carrying out the strict letter " of the building zone ordinance, classifying petitioner's property as residential. Petitioner desires to use it for an amusement park in which there would be a swimming pool. He is the lessee of the property and has an option to purchase it. In effect he applied to the board for permission to violate the ordinance by using his said property — for not exceeding five

years, for the indicated purposes — a non-conforming use. The ordinance in part provides:

" c. The Board of Appeals, after notice and hearing, may in a specific case, and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent as follows:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

" 2. Grant in appropriate cases, temporary permits for not to exceed five years *for non conforming uses.*"　(Italics mine.)

Apparently contrary to the delegation of power (Town Law, § 349-u), the part quoted purports to give to the board authority to allow temporarily in " appropriate cases "— whatever that may mean — violations of the presumptively valid (*Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288, 296) ordinance adopted in pursuance of sections 349-o *et seq.* of the Town Law (added by Laws of 1926, chap. 714).\* Said provision, therefore, apparently accords to the board authority to permit such " temporary " violations and is, at least as far as petitioner's application is concerned, manifestly void; for it is not within the power delegated either in express terms or by necessity or any implication (*City of Chicago* v. *M. & M. Hotel Co.,* 248 Ill. 264) by section 349-u of the Town Law, which in relevant part reads as follows: " Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinances, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, *so that the spirit of the ordinance shall be observed* (italics mine), public safety and welfare secured and substantial justice done."

The authority thus conferred is to do things *generally in conformity* with the ordinance in order that the " spirit of the ordinance shall be observed." Here concededly petitioner sought not an observance of such spirit, but a radical and absolute departure from it. His position is: (1) He has an interest for years in said real estate so classified as residence O-1, the highest residential class; plus his said option to purchase. (2) He has a right to use and improve his property as permitted by law. (3) He desires to improve it by constructing thereon an amusement park with swimming pool — a non-conforming use, *i. e.,* a use which (4) would contravene the building zone ordinance. (5) Mistakenly taking the ordinance at its face, the petitioner, seeking relief from what he contends to be an unreasonable ordinance, requested the board

---

\* See, also, Laws of 1931, chaps. 235, 559.— [REP.

of appeals' permission to violate it radically so far as it related to his property. In my opinion the board disposed of the application correctly, although in denying it the board based its denial upon the immaterial ground that the sentiment of the neighbors was against the petitioner's proposed use of the property. The valid ground of denial was not stated, namely, that notwithstanding the terms of the ordinance the board lacked jurisdiction to permit the " temporary " violation of the ordinance in this case sought. Petitioner's claim herein is that the ordinance restricting the use of his property is unreasonable in fact, oppressive and discriminatory and, therefore, void (*Village of Euclid* v. *Ambler Realty Company*, 272 U. S. 365; and see record on appeal in *Matter of Tricarico* v. *Cooper*, 230 App. Div. 789) — this because of consideration of the proposed amusement park, etc., not abstractedly but " in connection with the circumstances and the locality." (*Village of Euclid* v. *Ambler Realty Co., supra*, 388.) That portion of the ordinance which so permitted the board of appeals in effect to nullify the same was and is void to the extent above indicated (read Town Law, § 349-u, and see *Matter of Municipal Gas Co. of City of Albany* v. *Nolan*, 121 Misc. 606, 610; affd., 208 App. Div. 753; *Matter of Melita* v. *Nolan*, 126 Misc. 345, 348; *Matter of Stevens* v. *Clarke*, 216 App. Div. 351, 359, 360; *Matter of Pounds* v. *Walsh*, 129 Misc. 676, 678) in permitting a non-conforming use wholly foreign to the spirit of the ordinance. Further, if, as is at least debatable, the board, upon petitioner's application so to nullify the ordinance as to his property, had the power to exercise discretion in the premises, I decide that its denial was a proper exercise thereof (See *Matter of Sagamore Road Corporation* v. *Lee*, 224 App. Div. 744, and cases cited; also *Matter of Dillon*, 222 id. 772; *Matter of Richardson* v. *Knapp*, 227 id. 207; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330) because of the contemplated illegal nullification of the ordinance. The remedy which the petitioner should pursue, in view of his claim in relation to the ordinance as above stated, is mandamus. (*Matter of Dillon, supra; Matter of Isenbarth* v. *Bartnett*, 205 App. Div. 845; 206 id. 546; affd., 237 N. Y. 617.)

The order of certiorari is dismissed and the determination of the board of appeals is affirmed (*Matter of Dillon, supra*), without costs and also without prejudice to petitioner's remedy by mandamus. Settle final order accordingly, on notice.