In the Matter of NAGAVEN REALTIES, INC., Petitioner, against ALBERT H. T. BANZHAF and Others, Constituting the Board of Appeals of the Village of Larchmont, Respondents.

Supreme Court, Westchester County, October 23, 1933.

*J. Henry Esser* [*Abraham Rosenburg* with him on the brief], for the petitioner.

*Joseph S. Johnston,* for the respondents.

CLOSE, J. The petitioner bid in certain property in the village of Larchmont at a foreclosure sale. It has never completed its purchase but the closing has been adjourned from time to time. Claiming to be the owner, on January 5, 1933, it made application accompanied by plans and specifications for a permit to erect a gasoline filling station. The building inspector refused to grant any permit unless the location was approved by the zoning board of appeals pursuant to article II, section 7, of the zoning ordinance. Application was made to the board of appeals not only for permission but for a variance upon the ground of unusual hardship. A public hearing was held but the record attached to the return contains only a summary of the statements for and against the application. On February 7, 1933, a resolution was adopted denying the relief sought. On February twentieth an order of certiorari was granted the petitioner. On the same day the board of trustees of the village of Larchmont adopted an amendment to article II, sections 4 and 7, of the zoning ordinance so that the power of the board of appeals to allow gas stations in the business districts was taken away from such board and gas stations were forbidden in an industrial district unless the location was approved by the board of appeals.

The respondent contends, and I believe correctly, that the determination of this court must be based upon the amended ordinance. (*Matter of Cherry* v. *Isbister,* 201 App. Div. 856.) The respondent insists that the petitioner is not " a person aggrieved " within the purview of section 179-b of the Village Law. I find that it is the equitable owner and as such has the right to initiate this proceeding. (*People* v. *De Goode,* 203 App. Div. 35; *Epstein* v. *Gluckin,* 233 N. Y. 490; *People ex rel. Parry* v. *Walsh,* 121 Misc. 631.)

The petition alleges that the denial of the use of the property for this purpose (*i. e.,* gasoline station) deprives the petitioner of its constitutional property rights. This allegation challenges the amended ordinance as well as the original ordinance. If the former ordinance accomplished this result, the amendment can do no more.

The premises consist of two lots with a street frontage of 100 feet and a usable depth of about 65 feet. It is zoned as " Business C." In front of the property is Palmer avenue, a county highway, widened and improved as an alternative route to relieve the con-

gestion on the Boston post road. In the rear there is a cliff about 30 feet high and the northerly boundary abuts the right-of-way of the New York, New Haven and Hartford Railroad and the Westchester and Boston Railroad Companies. The nearest business building is on the north side of Larchmont avenue and about 800 feet east of these premises. On the west at a distance of 100 feet, the industrial zone begins and extends for a distance of 650 feet. The industrial zone is occupied to some extent by the usual building and supply business, consisting of coal, lumber, trap rock, cement, etc.

The southerly side of Palmer avenue is zoned for residences, but because of a high embankment and the difficulty of access of Palmer avenue, it is almost entirely vacant.

I am convinced that the only possible use for this property for some years will be the use applied for. It is amply established that there will be no present demand for a mercantile building for some years. The property fronting upon Palmer avenue from the east has only one vehicle entrance upon that street. An apartment house cannot be built without an expense so great as to prevent any possibility of a profitable investment. The village has zoned this property for business, claiming for it a greatly increased value for assessment purposes and then forbidding by its ordinance the only business use available. From such a situation the petitioner is entitled to relief. (Village Law, § 179-b.)

It is apparent from reading the return that the board was largely controlled by the expression of opinion by residents too far removed to be affected. It is easy to arouse opposition to any encroachment of business upon a residential area and in some occasions such opposition is warranted but not here. (*Matter of Ellish* v. *Zoning Board of Appeals of Ramapo*, 141 Misc. 916.)

It seems to me that the facts here bring the case squarely within the principles laid down in *Matter of Butler* v. *Connell* (235 App. Div. 806); *People ex rel. St. Albans-S. Corp.* v. *Connell* (257 N. Y. 73); *Matter of Eaton* v. *Sweeney* (Id. 176)

I will sign an order directing that a permit be issued allowing the erection of a gasoline station as applied for until such time as the business development of the village makes it reasonably possible to use the property for some business use allowed by the ordinance.

Settle order on notice. No costs.