THE CITY OF BUFFALO, Appellant, *v.* GEORGE H. CHADEAYNE, Respondent.

In an action to recover a penalty for an alleged violation of an ordinance of plaintiff's common council, prohibiting the erection, without permission of that body, of a wooden building within the fire limits prescribed, as provided by the city charter (Tit. 3, § 8, sub. 4, chap. 519, Laws of 1870), it appeared that said common council having, by resolution, given defendant permission to erect wooden buildings upon land owned by him within the fire limits, he entered into contracts therefor and began the work. Thereafter the common council passed a resolution which stated that the former resolution was rescinded upon filing a good and sufficient bond to save the city harmless from any liability for damages. Defendant continued the work. *Held*, that when defendant entered upon the construction of the buildings pursuant to the permit he acquired a vested right therein of which the common council had no power to deprive him; and so, that the action was not maintainable.

A bond was executed which was approved by the mayor and filed with the comptroller. *Held*, that the common council reserved to itself the right to determine whether the bond required to be given by the rescinding resolution was sufficient, and until a bond was approved by it the resolution was not operative; and so, conceding that it had power to rescind the permit, it remained in full force.

(Submitted May 5, 1892; decided June 7, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made November 19, 1889, which reversed a judgment in favor of plaintiff entered upon a verdict directed by the court upon an appeal from the Municipal Court of that city, in which a new trial was demanded.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Philip A. Laing* and *George M. Browne* for appellant.

*Giles E. Stillwell* for respondent.

HAIGHT, J.   This action was brought to recover a penalty for an alleged violation of an ordinance pertaining to the erection of wooden buildings within the prescribed fire limits of the city of Buffalo.

On the 11th day of July, 1887, the common council of the city passed a resolution granting permission to the defendant to erect seven frame wooden houses upon premises owned by him and specifically described.   This resolution was duly approved by the mayor, and thereupon the defendant entered into a contract for the materials with which to make such structures.   He made excavations for the cellars and laid a portion of the walls prior to the first day of August.   On that day the common council, without notice to him, passed a resolution which it is claimed rescinds the former resolution.   The last resolution was approved by the mayor on the fifteenth day of August, and on the tenth day of November a copy thereof was served upon the defendant.   Oral notice was given to him of the passage of the resolution on the second day of August prior to its approval by the mayor.   He, however, continued the construction of his buildings, and at the time the notice, with a copy of the resolution, was served upon him in November, several of the buildings had their roofs on, and the rest were in process of construction.   This action was then brought for the penalty provided for in the ordinance, and resulted in the judgment which is the subject of this review.

The charter of the plaintiff (Chap. 519 of the Laws of 1870) provides that "the city shall have power, by its common council, from time to time to enact ordinances, * * * to prescribe the limits within which wooden buildings shall be erected,

and the manner in and material of which all buildings shall be constructed within such limits. Every building erected or placed contrary to any ordinance passed under the last above provision, shall be deemed a common nuisance, and may be abated as such." (Title 3, § 8, subdiv. 4.)

Pursuant to this provision the common council enacted ordinances, among which we find the following:

" No person shall, without permission of the common council, erect, place or move any building constructed in whole or in part of wood, within the limits of the city of Buffalo, as defined by section 2 of title 1 of the charter of said city." (Ordinances, chap. 5, § 20.)

The defendant's buildings are within the fire limits as prescribed by the ordinance. He, therefore, had no right to construct them without the permission of the common council. Such permission, as we have seen, was granted on the 11th day of July, 1887, and thereby he acquired the right to proceed with the construction of his buildings and to possess and enjoy the comforts they might afford. As soon as he entered upon the construction of the buildings and incurred liabilities for the work and material, he had a property interest in them. To this right he was entitled to protection. (*People* v. *O'Brien*, 111 N. Y. 1–62; *In re U. E. R. R. Co.*, 112 id. 61–75; *People ex rel.* v. *Otis*, 90 id. 48–52; *Stuart* v. *Palmer*, 74 id. 183; *Detroit* v. *D. & H. Plank Road Co.*, 43 Mich. 140.)

It is claimed by the appellant that a municipal board may reconsider its action at any time before private vested rights have resulted from such action, and that the defendant could not acquire vested rights as against the police power of the state or municipality.

For the purposes of this case we may concede these propositions. As to the first, it appears, as we have seen, that the defendant had entered upon the construction of his buildings, had made contracts and incurred liabilities thereon before the common council attempted to reconsider its action giving him a permit to construct of wood. A private property right had, therefore, vested in him prior to the rescission of the resolution.

As to the second, his right may be subject to the police power of the state, but the difficulty is that the state has not seen fit to deprive him of such right by the exercise of such power, nor has it delegated the same to the municipality. The state has given to the municipality power to prescribe the limits in which wooden buildings shall not be erected. This pertains to the future, and not to existing wooden buildings. The ordinance to which we have referred provides that no person shall, without permission of the common council, erect any building in whole or in part of wood, within certain limits. This has reference to buildings that shall be erected in the future, and not to existing buildings or to those erected with the permission of the common council. So that neither the charter nor the ordinance authorizes it to interfere with existing buildings or those constructed with its permission. There is consequently no power given to the common council to deprive the defendant of any vested property rights in the buildings. If the common council could interfere and rescind its permit after a building is partially constructed, it could also rescind after it was fully completed. It would consequently follow that every person who in the past has constructed wooden buildings with the permission of the common council, is now liable to have his permit revoked and his buildings declared a nuisance and abated as such.

The restrictions authorized by the provisions of the charter under consideration are for the purpose of the prevention and extinguishment of fires. It has no reference to buildings that may become a nuisance by reason of their becoming dangerous to the public.

Having in view the purpose for which the provision was enacted, it seems to us clear that it was not intended to give to the common council the power to deprive persons of their buildings which had previously been erected, or of those which should be thereafter erected, in whole or in part, with the permission of the common council, and that its power is limited to the prevention of the erection of wooden buildings in the future without its permit.

The resolution adopted by the common council, on the first day of August, is as follows:

"That the resolution adopted by this council on the eleventh day of July last, granting permission to George H. Chadeayne to erect seven frame houses, * * * be, and the same is hereby rescinded, upon filing a good and sufficient bond to save the city harmless from any liability for damages on the part of the city by reason of this resolution."

It will be observed that the resolution does not rescind the resolution of July eleventh, only upon condition of the filing of a bond, etc. The bond must be a good and sufficient one. The amount of the penalty is not given, neither is there a provision for its approval nor direction as to where it should be filed.

On the thirteenth day of August thereafter, a bond was executed by L. Van Bokkelen and C. F. Dunbar, in a penalty of $2,500, approved by the mayor and filed with the comptroller, but no copy of such bond or notice of its filing appears to have been served upon the defendant. It may be that it is such a bond as was contemplated by the common council, but whether it is or not, we are powerless to determine. Inasmuch as the common council had required a good and sufficient bond to be given as a condition upon which the resolution to rescind the permit given on July eleventh should become operative, without providing for its approval by any officer or person, it would seem to follow that it had reserved to itself the right to determine whether the bond was satisfactory. This it has not been given the opportunity to do, and until it shall have approved thereof, the resolution of August first must be considered as conditional, not operative, and that of July eleventh still in force.

Again, it is quite apparent from the fact that a bond was required to be given as a condition for rescinding the resolution, that the common council did not regard its action as within the police powers delegated to it.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.