ORMSBY v. BELL, License Com'r.

(Supreme Court, Appellate Division, Second Department. February 11, 1916.)

1. MANDAMUS ⬤⟾87—SUBJECTS OF RELIEF—DISCRETIONARY POWER.

The power of the commissioner of licenses of New York City is discretionary, and as a rule beyond the reach of mandamus, unless his action is arbitrary, tyrannical, unreasonable, or based on false information.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 189–194; Dec. Dig. ⬤⟾87.]

2. THEATERS AND SHOWS ⬤⟾3—RIGHT OF APPLICANT—CONFLICTING PERMIT.

The action of the commissioner of licenses of New York City in refusing a license for a moving picture theater merely because another party used adjacent land for a dyehouse which could not be permitted in any building within 50 feet of the nearest wall of any building occupied as a school, theater, place of public amusement, etc., was improper and unreasonable, since the adjacent occupant held the premises and his permit subject to the risk of a subsequent legitimate use of the premises sought to be used as a theater.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 3; Dec. Dig. ⬤⟾3.]

3. MANDAMUS ⬤⟾176—RIGHT OF PETITIONER—CHARACTER OF RELIEF.

Petitioner for mandamus to compel the commissioner of licenses of New York City to issue to him a license for a moving picture theater was not entitled to a peremptory writ that the license should issue, but to a writ requiring the commissioner to pass upon the application for the license, regardless of the circumstance that there was a dyehouse on land adjacent to petitioner's, which incidentally stored inflammables, while a permit cannot be issued for any building in which the compartment for inflammable oil is within 50 feet of the nearest wall of any theater.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 392–394; Dec. Dig. ⬤⟾176.]

Appeal from Special Term, Kings County.

Application for mandamus by Frank G. Ormsby against George H. Bell, as Commissioner of Licenses of the City of New York. From an order granting petitioner's motion for a peremptory writ, respondent appeals. Order modified.

---

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Frank Julian Price, of Brooklyn (Thomas F. Magner, of Brooklyn, on the brief), for appellant.

Arleigh Pelham, of New York City, for respondent.

JENKS, P. J. [1, 2] I recognize the authority of People ex rel. Worth v. Grant, 58 Hun, 455, 12 N. Y. Supp. 879, of Matter of Armstrong v. Murphy, 65 App. Div. 123, 72 N. Y. Supp. 473, and of People ex rel. Schwab v. Grant, 126 N. Y. 473, 27 N. E. 964, to the effect that the power of the commissioner of licenses was discretionary, and, as a rule, beyond the reach of mandamus. But I think that the limitation of that rule as stated in People ex rel. Rota v. Baker, 136 App. Div. 7, 120 N. Y. Supp. 161, and People ex rel. Lodes v. Department of Health, 189 N. Y. 187–194, 82 N. E. 187, 13 L. R. A. (N. S.) 894, applies, in that the express ground avowed by the commissioner for the refusal of the license was "unreasonable." Although the occupation of the relator is inherently subject to the police power, and license therefor is prerequisite, the ground of the refusal in no way relates to that occupation, but rests only upon the exterior circumstance that a third party has been and now is in use of the land adjacent for a business that requires a permit which cannot be issued for any building in which the compartment for volatile inflammable oil is within 50 feet of the nearest wall of any building occupied as a school, hospital, theater, or other place of public amusement or assembly. When the third person secured such permit, the land now occupied by the motion picture theater was vacant, and he incurred the risk of a subsequent legitimate use of such vacant lands by the owner and the consequence thereof. He had no legal assurance that such use would be limited so that his own occupation would not offend the ordinance. And he cannot now invoke the permit to that end. For thereby he would deprive the owner of his full property rights. See Buffalo v. Chadeayne, 7 N. Y. Supp. 501, and cases cited, affirmed 134 N. Y. 163, 31 N. E. 443. The city is not seeking to exercise the police power with direct reference to the occupation of the relator, but denies a permit to him lest his neighbor's occupation offend the law in a feature limited to that occupation. While the case is a hard one so far as the third party is concerned, this affords no reason why the relator should be deprived of a legitimate use of his own land. I deal now simply with the question of the right of the relator to mandamus.

[3] I think, however, that the Special Term erred in granting a peremptory writ that the license should issue, and that the order should be modified, so as to require the commissioner of licenses to pass upon the application for the license without regard to the circumstance that there was a dyehouse or dyeing establishment on the adjacent land which, as incident to the business, involved the storage of inflammables. French v. Jones, 191 Mass. 522, 78 N. E. 118, 7 L. R. A. (N. S.) 525.

Order modified, without costs, in accordance with opinion by JENKS, P. J. THOMAS and CARR, JJ., concur. MILLS and RICH, JJ., vote to affirm. Settle order before the Presiding Justice.