In the Matter of the Application of KENSINGTON-DAVIS CORPORATION, Respondent, for an Order of Peremptory Mandamus against FRANK X. SCHWAB et al., Comprising the COUNCIL OF THE CITY OF BUFFALO et al., Appellants.

**Buffalo (city of) — construction and application of provision of charter relating to establishment of " residence district " in which factories may not be built — when ordinance purporting to create such districts invalid.**

The charter of the city of Buffalo requires a written permit from the building commissioner before any new building is begun. (L. 1914, ch. 217, § 322.) If such building is a factory or manufacturing plant to be erected " in any residence district of the city " there is also required " the consent of the council." The city planning committee reports " in what class or classes of the residential districts * * * the said building * * * is to be located." Whereupon the council acts with or without a public hearing. A " residence district " is defined by a city ordinance (Chap. 158) as " a territory or district within one thousand feet in a direct line in every direction from the nearest part of the building proposed or intended to be located, built, constructed or used for the purpose of a factory or manufacturing plant, in which territory or district more than half of the existing buildings are used wholly or partly for residential purposes." Residential districts as so defined are then classified. Subdivision 25 of section 20 of the General City Law (Cons. Laws. ch.

21) confers upon the city the right to regulate and restrict the location of buildings designed for specified uses, and for said purpose to divide the city into districts and to prescribe for each district the use for which buildings may not be erected or altered. Under the authority supposed to have been conferred by this ordinance the council refused to grant its consent to the petitioner for the erection of a foundry upon premises owned by it already occupied for manufacturing purposes, and the building commissioner refused to grant his permit upon the ground that this proposed building is situated within a residential district as defined by the ordinance. The attempted division is not a division into districts within the meaning of the statute. The setting apart of residential districts, therefore, must fail as unauthorized and the ordinance attempting to give the council control of factory buildings in so-called residential districts which do not in fact exist must also fail. The petitioner is, therefore, entitled to its permit.                                                              —

*Matter of Kensington-Davis Corp. v. Schwab,* 208 App. Div. 831, affirmed.

(Argued September 29, 1924; decided November 25, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 26, 1924, which affirmed an order of Special Term granting a motion for an order of peremptory mandamus to compel the defendants to issue a building permit to the petitioner.

*Frederick C. Rupp,* Corporation Counsel (*Gregory U. Harmon* of counsel), for appellants. The council had the right, power and authority to adopt chapter 58 of the ordinances. (*Cronin v. People,* 82 N. Y. 318; *People v. Budd,* 117 N. Y. 1; *People ex rel. Lieberman v. Vandecarr,* 175 N. Y. 440; *People ex rel. Lodes v. Dept. of Health,* 117 App. Div. 856; *People v. Howell,* 109 Misc. Rep. 510; *Reinman v. Little Rock,* 237 U. S. 171; *Hadachack v. Los Angeles,* 239 U. S. 394; *Northwestern Laundry v. Des Moines,* 239 U. S. 486; *Cusack Co. v. City of Chicago,* 242 U. S. 526; *Pierce Oil Corp. v. City of Hope,* 248 U. S. 498.) The ordinance is not invalid because it vests discretion in the council to grant or refuse a permit. (*People ex rel. Lieberman v. Vandecarr,* 81 App. Div. 132; 175 N. Y.

440; 199 U. S. 552; *City of Buffalo* v. *Hill,* 79 App. Div. 402; *People ex rel. Schwab* v. *Grant,* 126 N. Y. 473; *People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187; *People ex rel. Cumisky* v. *Wurster,* 14 App. Div. 556; *Matter of Armstrong* v. *Murphy,* 65 App. Div. 123; *People ex rel. Van Norder* v. *Sewer Comm.,* 90 App. Div. 555; *People ex rel. Rota* v. *Baker,* 136 App. Div. 7; *People ex rel. Wooster* v. *Maher,* 149 N. Y. 330; *People ex rel. Dorr* v. *Thacher,* 42 Hun, 349.)

*John Lord O'Brian* and *Ralph Ulsh* for respondent. The ordinance in question is invalid because it purports to vest in the council of the city of Buffalo an arbitrary discretion to grant or deny a permit to different applicants under precisely similar circumstances in any given district. (*Welch* v. *City of Niagara Falls,* 210 App. Div. 170; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Village of Flushing* v. *Carroher,* 33 N. Y. Supp. 951; *Buffalo Fertilizer Co.* v. *Town of Cheektowaga,* 61 Misc. Rep. 404; *Monticello* v. *Bates,* 169 Ky. 258; *Boyd* v. *Frankfort,* 117 Ky. 199; *State* v. *Tenant,* 110 N. C. 609; *Eureka City* v. *Wilson,* 15 Utah, 67; *Hays* v. *Poplar Bluff,* 263 Mo. 516; *Newton* v. *Belzer,* 143 Mass. 598; *Richmond* v. *Dudley,* 129 Ind. 112; *Montgomery* v. *West,* 149 Ala. 311; *Cicero Lumber Co.* v. *Cicero,* 176 Ill. 9; *Anderson* v. *Welling,* 40 Kan. 173; *Noel* v. *People,* 187 Ill. 587; *Walsh* v. *Denver,* 11 Colo. App. 523.)

ANDREWS, J. The charter of the city of Buffalo requires a written permit from the building commissioner before any new building is begun. (Laws of 1914, chapter 217, section 322.) If such building is a factory or manufacturing plant to be erected " in any residence district of the city " there is also required " the consent of the council as herein provided, such consent to be evidenced by a resolution adopted by the affirmative vote of a majority of all members of the council and thereafter a permit by the mayor." As a basis for action by the council a peti-

tion is filed with the city clerk. This is referred to the city planning committee which reports among other things " in what class or classes of the residential districts * * * the said building * * * is to be located." Then the council acts with or without a public hearing. A " residence district " is then defined as " a territory or district within one thousand feet in a direct line in every direction from the nearest part of the building proposed or intended to be located, built, constructed or used for the purpose of a factory. or manufacturing plant, in which territory or district more than half of the existing buildings are used wholly or partly for residential purposes." Residential districts as so defined are then classified. (Ordinances of the City of Buffalo, chapter 158.) Clearly this is the nature of a zoning ordinance. Authority to adopt it is said to be derived from subdivision 25 of section 20 of the General City Law. (Cons. Laws, ch. 21.) This subdivision confers upon the city the right " to regulate and restrict * * * the location of buildings, designed for specified uses, and for said purposes to divide the city into districts and to prescribe for each such district * .* * the uses for which buildings may not be erected or altered. Such regulation shall be designed to promote the public health, safety and general welfare," in accord with a well-considered plan.

This ordinance is not a general regulation for the erection of all buildings in the city, nor is it primarily intended to prevent nuisances wherever situated. As is stated by the corporation counsel, it " does not seek to regulate or prohibit factories and manufacturing plants in all sections of the city but merely those sought to be erected or used in a residence section as defined in the ordinances. The ordinance upon its face shows that its purpose is to prevent the unlimited encroachment of manufacturing plants and factories upon established residence districts, and provides limitations on and regulations of two separate and distinct acts; *first*, the actual

erection of a factory or manufacturing plant, and *secondly*, the use of any building as a factory or manufacturing plant."

Under the authority supposed to have been conferred by this ordinance the council has refused to grant its consent to the petitioner for the erection of a foundry upon premises owned by it already occupied for manufacturing purposes, and the building commissioner has refused to grant his permit. Their claim is that this proposed building is situated within a residential district as defined by the ordinance; that in such cases the council has the right to grant or refuse the request in its discretion or that in any event the council has the right to enact ordinances to prevent nuisances and that the prohibition of the erection of factories in a residential district without its consent is in pursuance of this power. These assertions, therefore, are based upon the proposition that the council, under authority of law, has fixed certain residential districts in the city of Buffalo and that the petitioner's property is within one of such districts.

In the courts below a peremptory writ of mandamus requiring appellants to issue a written permit for the erection of the desired building has been sustained. The order so made by them must be affirmed. If, acting under the provisions of the General City Law, the city of Buffalo has failed to establish any " residence district " there is no justification for the refusal of the appellants to issue the desired permit as it is not claimed that the petitioner has not complied with all the other building ordinances of the city.

Power was given under that law " to divide the city into districts." This clearly contemplated fixed areas with defined boundaries. A plot of land must be either within or without a residential or business district. In Buffalo no such districts have been delimitated. There a residence district is a territory or district within one thousand feet in a direct line in every direction

from the nearest part of the building proposed or intended to be located for a factory in which territory more than half the buildings are used wholly or partly for residence purposes. So in this case the proposed building is the center of a circle by which the limits of the residential district are determined. All the property within that circle constitutes a residential district. Yet if an application is made for the erection of a factory three hundred feet south of the land of the petitioners, for the purpose of that application much of the same land might then be in another class of district. This is not a division into districts within the meaning of the statute. The attempted setting apart of residential districts, therefore, must fail as unauthorized and the ordinance attempting to give the council control of factory buildings in so-called residential districts which do not in fact exist must also fail. The petitioner is, therefore, entitled to its permit.

Having reached this conclusion the various other questions argued in the briefs need not be considered.

The order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; LEHMAN, J., absent.

Order affirmed.