In the Matter of the Application by WILLIAM F. FULLER for a Peremptory Order of Mandamus against FRANK X. SCHWAB and Others, Constituting the Common Council of the City of Buffalo, Respondents.

Supreme Court, Erie County, February 12, 1925.

**Municipal corporations — mandamus to compel city council of city of Buffalo to issue permit to operate garage — petitioner has invested money in reliance on permit previously granted for garage in question — failure to issue permit would effect destruction of petitioner's property — alternative order of mandamus granted.**

An alternative order of mandamus will be granted to compel the city council of the city of Buffalo to issue a permit to the petitioner to operate a garage, where it appears that the petitioner in reliance upon a permit previously granted for the garage in question has expended large sums of money in fitting up the garage for use, and that he will suffer property loss if the permit is not granted.

APPLICATION for a peremptory mandamus order.

*William J. Hickey* [*Elijah W. Holt* of counsel], for the petitioner.

*Frederic C. Rupp* and *Chas. S. McDonough*, for the respondents.

CROSBY, J.:

Petitioner asks for a peremptory mandamus, and, in the alternative, if it should appear that he was not entitled thereto, then an alternative order of mandamus. He seeks to compel the city council of Buffalo to issue to him a permit to operate a garage. This case differs in some respects from a recent case decided at this same term where mandamus was refused (*Stock* v. *City of Buffalo*, not reported.) In the present case the respondent granted a license to operate the garage in question, and petitioner, in the 6th paragraph of his petition, alleges that he, in reliance upon the permit granted, expended large sums of money fitting up his garage for use, and that great property loss is threatened to him by the capricious action of the city council. This allegation the respondent denies upon information and belief.

If the petitioner were seeking to compel the issuance of a permit in the first instance, I should be inclined to deny the remedy here sought, notwithstanding the Court of Appeals has recently held, in the case of *Matter of Kensington-Davis Corp.* (239 N. Y. 54; 145 N. E. 738), that the city of Buffalo has no legal zoning ordinance defining what are residence districts, for the reason that the 1st paragraph of section 1 of the city ordinances on the subject of public garages clothes the city government with a discretionary power in the matter of issuing permits for garages, and this power is well within the police power delegated by the Legislature to the city government. (See *People ex rel. Schwab* v. *Grant*, 126 N. Y. 473.) The balance of that ordinance undertakes to state situations in which permits shall *not* be granted, and to state conditions failure to comply with which will defeat an application for a permit. It may well be that the balance of the section, so far as it is predicated upon the assumption of properly constituted residence districts, is invalid, in view of the decision in the *Kensington-Davis* case.

But the power of the city government to control, by means of granting or withholding permits, the conduct of any business affecting the health, comfort, and safety of the city's inhabitants, cannot be doubted, whether or not the city has a proper zoning ordinance; and to this end the city could doubtless revoke a license once granted, for a license is not property. It is just what it purports to be — a license to do business, not property, nor a contract with the State. (*People ex rel. Lodes* v. *Department of Health of N. Y.*, 189 N. Y. 187. See, also, *Metropolitan Board of Excise* v. *Barrie*, 34 id. 657.)

MATTER OF BONAPARTE. **661**

Misc. 661]     Surrogate's Court, New York County, February, 1925.

But where, in reliance upon a permit to operate a garage, petitioner invests money upon equipment and installation that will be a loss to him if the permit is revoked, it seems he has, or may have, brought himself within the protection of the law as laid down in *City of Buffalo* v. *Chadeayne* (134 N. Y. 163). That case has been cited many times. It was distinguished in *Matter of Adriance* (59 App. Div. 440), but has been cited with approval in *Matter of Ormsby* v. *Bell* (171 App. Div. 657); *Matter of Walker* (84 Misc. 118); *People ex rel. Evens* v. *Kleinert* (201 App. Div. 751).

It is true that the present case is not exactly like the *Chadeayne* case, for in the latter case the permit was one to build some houses, and the permit was revoked when the houses were nearly completed. The destruction of property rights was there perfectly apparent. In the present case the destruction of property is a little more indirect. The permit was to operate a garage, and the city is not preventing petitioner from erecting buildings and equipping them in any way he chooses, but is revoking his right to using the property in the only business to which it is adapted. The destruction of petitioner's property is quite as obvious as it was in the *Chadeayne* case.

An alternative order of mandamus, I think, should issue for the reasons stated. There may be other issues that ought to be tried, but it is thought that the one mentioned is sufficient to warrant the alternative order.