## Kahn v. Seeds et al. No. 1

Robert T. McCracken, for plaintiff.

G. Coe Farrier, assistant city solicitor, for defendants.

HEILIGMAN, J., April 3, 1934.—This matter comes before the Court on the petition of a property owner to review the decision of the Board of Adjustment administering the zoning ordinance of the City of Philadelphia, enacted pursuant to the provisions of the Act of May 6, 1929, P. L. 1551.

The petitioner, Charles Kahn, as trustee, is the owner of premises situate at the southwest corner of Broad and York Streets, in the City of Philadelphia, known as 2354 and 2356 North Broad Street, having purchased the premises on May 18, 1933, and June 10, 1933, respectively, for the sole purpose of erecting a gasoline service station on the properties. Prior to August 7, 1933, the petitioner demolished the structures on premises 2354 and 2356 North Broad Street to make ready for the erection of the service station, and further at the direction of the fire marshal erected a 9-inch brick wall on the south line of the property as a condition requisite for the issuance of a building permit. The petitioner also leased the premises to an oil company for the purpose of maintaining a gasoline and oil station on the premises, which lease did not provide for a cancellation if the premises could not be used for that purpose. On August 7, 1933, a building permit was duly issued to the petitioner, and he immediately contracted for all the materials and equipment necessary for the erection of the service station and proceeded with its construction.

Pursuant to the Act of May 6, 1929, P. L. 1551, on August 10, 1933, a zoning ordinance was enacted by the City of Philadelphia, under which the premises in question were classified as being included in a class "D-1" residential district. The use of any property in a class "D-1" residential district for a gasoline service station is prohibited by the zoning ordinance. The ordinance further provided that, with certain exemptions, use registration permits are required for every use of a property commenced after the passage of the ordinance, and penalties and fines are imposed for failure to comply with the provisions of the ordinance. The petitioners, as provided by the ordinance, applied to the Bureau of Engineering, Surveys, and Zoning for a use registration permit for a gasoline service station on the premises above mentioned, which application was refused. The petitioner then appealed to the Board of Adjustment, also as pro-

vided in the ordinance, and upon public hearing the appeal was dismissed. Upon a certiorari, the matter was brought into this court for review.

Under the facts presented, the first question to be determined is whether the zoning ordinance of the City of Philadelphia enacted and approved on August 10, 1933, is applicable to the premises in question. Whether this zoning ordinance is applicable to petitioner's property depends, in our opinion, upon whether the petitioner acquired a vested property right prior to the enactment of the ordinance. The precise question involved does not appear to have been passed upon in this jurisdiction. However, the recent case of Herskovits et ux. v. Irwin et al., 299 Pa. 155, distinctly recognizes the protection of such rights. In that case the property owners made application to build a 6-story apartment house, the plans for which were in conformance with the zoning and building ordinances in force at the time. A permit was issued for the excavation and formwork for the proposed structure. The owners thereupon entered into contracts for the erection of the building, and work was begun. A few days later an amendment to the then existing zoning laws was authorized, which prohibited the erection of the proposed structure as to its height. The building permit above referred to was revoked solely on the ground that the proposed amendment prohibited the erection of the building to a height of six stories. The property owners applied for a final permit to complete the structure and, upon the failure of the building inspector to issue the required permit, petitioned the court for a writ of mandamus to procure its issuance. The court, in allowing the mandamus, cited with approval the following excerpt from a New York decision in the case of Pelham View Apartments v. Switzer, 130 Misc. 545, 546, 224 N. Y. Supp. 56, 58: "Where a permit to build . . . has been acted upon, and . . . the owner has . . . proceeded to incur obligations and in good faith . . . to erect the building, . . . rights are then vested property rights, protected by the Federal and State Constitutions. . . .

"This case must be distinguished from . . . other cases where permits were not obtained in good faith, but merely in anticipation of an amendment to the zoning law. The facts in the present case indicate entire good faith upon the part of [appellees]. . . . It would be nothing short of confiscation, and . . . disregard of constitutional rights, if a municipality could revoke a building permit issued under the conditions . . . presented". The court in this case further states: "A permit having been issued and work done thereunder, a right was created in the applicants as to which they were entitled to protection; the subsequent attempt to revoke the permit could not abrogate this right. What we have just said would seem to satisfy the requirements of the rule advanced by appellants; but they contend that, since no final permit was ever issued for the complete structure which appellees desired to erect, no indefeasible right to construct it was acquired. In other words, the argument is that appellees may have received a valid permit to construct the foundation of a six-story building, and may have done such work toward that end as to give them vested rights therein, but they never received a permit to build the complete structure; that, although they made a proper application for such a permit before the passage of the amendatory ordinance, it was not in fact issued, and, because of the subsequent enactment of that ordinance, no right to build to a height of six stories could inhere. This contention cannot be sustained. When a permit was issued for the foundations of a 'six-story apartment' building, the applicants, under circumstances such as those attending the issuance of the permit now in question, had the right to assume that, if their finished plans showed compliance with existing building and zoning regulations, a final permit would natur-

ally follow for the complete structure. Here, appellees proceeded accordingly and incurred expense and legal obligations. While it is true that some of the cases cited by appellants go on the theory that the letting of a contract, or even the building of foundations, is not of itself such work as to create a vested right, we follow the rule stated in City of Buffalo v. Chadeayne, 134 N. Y. 163, 165, 31 N. E. 443, that a property interest arises where, after permit granted, a landowner begins construction of a building and incurs liability for future work. See also Fuller v. Schwab, 208 N. Y. Supp. 289, 290: State v. Wisconsin Tel. Co., 181 Wis. 519, 195 N. W. 544. The contract entered into by appellees involved a substantial obligation on their part, and appellants cannot object that but little work was done where, as here, they have prevented further construction. The application of July 8th should have been granted. To say that, under the circumstances of this case, a vested right was created in the foundations of the six-story building but not in the building itself, does not satisfy a proper sense of justice. The township, having sanctioned the commencement of the operation in accord with the zoning laws 'in effect at the time of issuance' of the original permit, could not subsequently refuse to allow its completion simply because the plans submitted,—the regularity of which was not questioned,—showed a building which in height would exceed a proposed new limit under an ordinance not yet enacted. Particularly is this true in a case like the present, where the height of the structure was expressed on the original building permit."

Applying the foregoing opinion to the instant case, we are of the opinion that the petitioner has acquired a vested property right which the zoning ordinance subsequently enacted cannot validly divest. We do not accord great weight to the difference in the facts that in the instant case the zoning ordinance was finally enacted, while in the case cited the zoning ordinance was only a proposed amendment to the then existing law, since in either case the right to protection was consummated before the prohibiting measures came into existence. As to how far a property owner must proceed to acquire the right of protection, we are constrained to believe that the determination of such a question should not be too arbitrary. In our opinion, if a property owner has in good faith incurred substantial obligations which will result in loss to himself by the application of subsequently enacted laws of this nature, he should be protected, and in justice and fairness he should not be forced to anticipate such future legislation as will affect a project begun in conformance with existing law.

The intent and purpose of zoning ordinances are to regulate in the future and not to act retroactively on existing conditions and uses. Even though their operation and validity may be exercised under the police power of the State, we believe that their application should be exercised with every consideration for the rights of individuals deserving of protection, to prevent hardships. It must be recognized that the characters of the many diversified sections of a city cannot be changed overnight, and we feel that the present enabling legislation was enacted with this consideration in mind. It may be noted that section 4 of the zoning ordinance provides for the continuance of uses existing at the time of the passage of the ordinance. Under this, no use registration permit would be required.

In its answer to the present petition, the Board of Adjustment contends that the erection of a gasoline service station in a residential district is a nuisance, offering proof that the district in which the property is located is residential by reference to its designation as such by the provisions of the ordinance. To uphold this contention is to assume that, under the provisions of the ordinance, power is extended to enjoin and prohibit nuisances. With this contention we

cannot agree. Although the effect of the exercise of the powers given under the statute and ordinance may be to prohibit the erection and operation of gasoline service stations in districts designated as residential, neither the statute nor ordinance specifically confers the power to enjoin nuisances as such. Such powers do not affect existing uses, nor should they affect vested property rights. Having recognized that the petitioner has a vested property right, the exercise of a power conferred by subsequent legislation is not applicable to interfere with such right, and it therefore follows that the question whether the proposed gasoline service station is a nuisance in this district is not properly before the court in this proceeding. In this case the vested property right acknowledges that the petitioner has acquired the right to complete the structure and for the purposes of this case may be considered as completed and an existing use, insofar as the zoning ordinance is concerned. Under this, a use registration permit is not required.

The answer of the Board of Adjustment questions the procedure of petitioner in bringing the matter before this court by certiorari. The recent case of Taylor v. Moore, 303 Pa. 469, indicates that the procedure is proper. In that case, the court held that questions arising under a zoning act must come before the court in the manner prescribed by the act and that such remedy or procedure is exclusive. The court stated (p. 473) : "The remedy in the Zoning Act, for the redress of wrongs to persons by zoning authorities, may properly be considered as separate and distinct from the substantive right of property invaded by a zoning ordinance enacted under the Zoning Act. Following the procedure or remedy to determine the validity of that portion of an ordinance invading property rights is not an acknowledgment of the latter's validity. Relief from this wrong against a substantive right is properly asked under the remedy provided. The request for a permit contrary to the terms of an ordinance is always a challenge on some phase of the ordinance, whether it be on a constitutional ground or otherwise. If an interested party is compelled by the Act of 1806 to adopt as the sole remedy the remedy given by the legislature to redress his grievance, he does not, by so doing, waive the right expressly given to him by the statute to protect his property interest which has been jeopardized by the exercise of a power lawfully conferred."

Under the foregoing, it is apparent that the petitioner has pursued his proper remedy. We are of the opinion that the petitioner acquired a vested property right to construct a gasoline service station at the southwest corner of Broad and York Streets, Philadelphia, prior to the enactment of the zoning ordinance of August 10, 1933, and that the zoning ordinance of August 10, 1933, is not applicable to the property owned by the petitioner or its use as a gasoline service station. The appeal is sustained.

### Final decree.

And now, April 3, 1934, in accordance with the opinion heretofore filed, it is ordered and decreed that the decisions of the Bureau of Engineering, Surveys, and Zoning and of the Board of Adjustment administering the zoning ordinance of the City of Philadelphia, which were brought before this court for review, are hereby reversed.