MT. ZION BAPTIST CHURCH OF LODI TOWNSHIP, BERGEN COUNTY, NEW JERSEY, A CHURCH CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RALPH MELILLO, BUILDING INSPECTOR OF THE TOWNSHIP OF SOUTH HACKENSACK, AND THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF SOUTH HACKENSACK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Argued October 3, 1949—Decided October 24, 1949.

62

Mr. *Ralph W. Chandless* argued the cause for appellants (*Messrs. Chandless, Weller, Kramer & Frank,* attorneys).

Mr. *Walter T. Wittman* argued the cause for respondent.

The opinion of the court was delivered by

WACHENFELD, J.   This appeal is from a judgment in the Law Division of the Superior Court setting aside the provisions of the building code of the defendant township in so far as they require the respondent to reconstruct its existing structure.   It also ordered the building inspector forthwith to issue a building permit for the construction of an addition in accordance with the respondent's plans and specifications. The case was certified here on our own motion.

The Mt. Zion Baptist Church is the owner of a parcel of land fifty by one hundred feet in the appellant township. For about twenty years there has been a church building on this land, the existing structure being thirty feet wide and forty-two feet long and having eight-inch walls of cinder block construction.

The church is located in a fire zone.   The area is undergoing industrial development but at present there are no

industrial establishments in the immediate vicinity of the church. It is conceded, however, that the establishment of the fire zone in this area is proper.

In May, 1947, respondent applied for a building permit to allow it to construct an addition to the church. This was refused. Thereafter, the township adopted an ordinance providing a building code which, amongst other things, established the fire zone in which the church is located. Section 7 of the ordinance provided in part as follows:

"Section 7. Within the fire limits no building or structure shall be enlarged or extended on any side unless said building ·shall be reconstructed to conform with the requirements of this ordinance for new construction."

The code also provided that masonry bearing walls of the height of the present church building should be twelve inches thick and that "no cellar or part or portion of any building or structure beneath the level of the street shall be constructed or altered to be used for living, eating or sleeping purposes or as a place of public assembly."

Subsequent to the passage of the ordinance, respondent again filed plans to construct an addition eighteen feet long and thirty-six feet wide on the rear of the existing building. The permit was refused by the building inspector on the ground it did not comply with the building code in that, while the construction of the addition itself complied with all the provisions for new construction, the plans did not include a reconstruction of the existing building to increase the thickness of its exterior walls from eight to twelve inches.

The church brought this action to set aside the provisions of the ordinance, in so far as they purport to prohibit the construction of the addition, and to compel the issuance of the permit. The township justified its refusal to issue the permit on the ground that the plans filed by respondent did not include the widening of the already existing exterior walls. At the hearing, appellants made further objection to the plans on the ground that they called for the construction of a kitchen in the basement of the new addition the floor of which

would have been about two feet below the street level, thus, it is alleged, violating the section of the code quoted above relating to the use of a cellar or part of a building below street level for living, eating or sleeping purposes or as a place of assembly.

The court below, in finding for the respondent, said:

"The plans for the erection of the addition comply with the requirements of the building code. The insistence that the existing structure be reconstructed in accordance with the requirements of the ordinance for new construction is unreasonable and arbitrary in the circumstances and therefore void. The permit should have been granted."

The respondent does not dispute the power of the municipality to adopt reasonable regulations to minimize fire hazards and the question involved turns upon the reasonableness of the ordinance at issue in so far as it relates to the reconstruction of an existing building before a permit for an addition will be granted.

There is statutory authority for the ordinance in section 13 of *R. S.* 40:48–1 and an ordinance passed pursuant to statutory authority is presumed to· be reasonable and the burden of proving otherwise is on the one who attacks it. *North Jersey Street Ry. Co. v. Jersey City,* 75 *N. J. L.* 349 *(Sup. Ct.* 1907); *Neumann v. Hoboken,* 82 *N. J. L.* 275 *(Sup. Ct.* 1912). The question therefore arises as to whether or not the respondent sustained the burden of proof to show that the reconstruction provisions of the ordinance were unreasonable.

The purpose of the ordinance in so far as it provides for masonry walls of a certain thickness for all new construction within the fire zone is to minimize the fire hazards. The ordinance does not prevent the continued use of the existing building in its present condition and state of construction. Where a proposed addition to an existing building fully complies with all the provisions of the ordinance as to fire-resistant construction, it does not appear reasonable to hold that such an addition in any way increases whatever fire hazard might already exist.

The required reconstruction of the existing church would necessitate four more inches of masonry to be added to the eight inches of cinder block presently comprising the walls. In other cases the enforcement of the reconstruction provision might require the complete demolition of the existing structure and the building of it anew before a permit would be issued for an addition. Since the ordinance does not ban the continued use of existing buildings whatever their construction, it does not appear that the purpose of the ordinance to minimize fire hazards necessitates the reconstruction in this case, or possibly the demolition in other cases, of the existing building before an addition which in itself meets the fire-resistant requirements of new construction be allowed.

In *Jackson v. Miller,* 69 *N. J. Eq.* 182 *(Ch.* 1905), in a controversy concerning the removal of a high wooden fence provided for by ordinance, the court said:

"The general rule is that mere police legislation of this character operates only prospectively and does not demand the sacrifice of existing physical property. *Freund Police Power, Sec.* 538; *Buffalo v. Chadesyne,* 134 *N. Y.* 163."

Again in *Vreeland v. Erie R. Co.,* 83 *A.* 384 *(Ch.* 1912), the court said:

"That the state may, under the police power, and where the public good requires it, regulate the use of property, and that damages which are merely incidental to such regulation need not be compensated for, is not disputed. But such laws operate prospectively only, and do not authorize the destruction of existing property, unless the property itself amounts to a nuisance, and is a source of imminent public danger. *Davidson v. New Orleans,* 96 *U. S.* 97, 24 *L. Ed.* 616; *Jackson v. Miller,* 69 *N. J. Eq.* 182, 60 *A.* 1019."

The particular provision of the ordinance requiring the reconstruction of the existing building runs *contra* to the doctrine enunciated in these authorities and would, therefore, appear to impose an unreasonable and arbitrary burden upon the respondent.

The second objection raised to the issuance of the permit relates to the proposal to establish a kitchen in the basement

of the new addition. The floor of the proposed kitchen will be about two feet below the street level and the township claims that this violates the provision of its building code previously cited. It does not appear from the record that such a violation would result.

A kitchen is not ordinarily "to be used for living, eating or sleeping purposes or as a place of public assembly." The kitchen of a church is ordinarily used in the preparation of refreshments which are to be consumed elsewhere on the premises. Moreover, it does not appear that the kitchen will be located in a "cellar or part or portion" of the building beneath the level of the street. A cellar is defined in *R. S.* 55:1–5 as a story more than one-half below the level of the curb. The proposed kitchen consists not only of the floor but of the complete height of the room, most of which will be well above the street level. The fact that a small portion of the kitchen will project below the street level does not bring it within the wording of the ordinance.

For the reasons herein stated the judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.