James C. O’Brien, J.
Plaintiff town seeks to enjoin defendant oil company from completing on defendant’s premises located in the plaintiff town, a partly constructed motor vehicle service station, hereinafter referred to by the term more commonly used, viz.: ‘‘ gas station ’’, The injunction sought would also bar *785 the employment of defendant’s property for such purposes on the ground that it would violate the provisions of the town zoning ordinance. Plaintiff also seeks a penalty of $500 a day, beginning with the 22nd day of November, 1955, when the construction of defendant’s building began. Defendant acknowledges that plaintiff’s zoning ordinance forbids the use to which defendant proposes to devote its property. Defendant, however, claims that it has a vested right to such use because of the money it has spent, the obligations it has incurred and the construction it has carried on before the zoning ordinance became effective.
The essential facts are neither involved nor disputed. Plaintiff is a second class town with a population of approximately 2,500 persons. Defendant is a foreign corporation of substantial size, generally engaged in the business of producing and selling petroleum and its products. This business includes the owning and operating of gas stations. In its search for a new location for a gas station, defendant, through a real estate agent, came upon a piece of land in the plaintiff town, just outside the incorporated village of Scottsville. The parcel is situate at the northeast intersection of the Scottsville-Henrietta Road and the Scottsville-Rochester Road and is 100 feet by 150 feet in size. Defendant secured an option to purchase. The only purpose to which defendant could profitably devote the property is the operation of a gas station. Accordingly in the option there was inserted a provision that it was given “ subject to obtaining a permit for a gasoline station on the site ”. Later defendant signed a contract to purchase the property, which contained a condition that the performance by the buyer (defendant here) was upon the express condition that it could lawfully operate a gas station on the premises, it being provided that if permission to operate such station could not be secured, the buyer had the option of canceling the contract of purchase. Before accepting the option, signing the contract and buying the property, defendant (through its local attorneys) wrote a letter to the town clerk of the plaintiff town, plainly and expressly stating that the defendant oil company proposed to purchase the property with which we are concerned. The location of the property was given. The letter went on to say that the purchase of the property was contingent upon defendant’s obtaining permission to build and operate a gas station thereon. The letter also inquired whether or not there was a zoning ordinance and if there was no zoning ordinance in the town, whether there were any special requirements that had to be met. To this letter dated April 18, 1955 the town clerk *786 answered by letter dated April 22, 1955. In her letter she assured defendant’s attorneys that the town had no zoning ordinance and that no special permission was required for building. It appears that at this time the enactment of a zoning ordinance by the town was under serious consideration but in her letter to defendant’s attorneys the town clerk did not give any warning that the passage of such was even contemplated. Since there was no zoning ordinance, no building permit was required and the town clerk expressly so stated in her letter. The purpose of requiring a building permit is normally to facilitate the enforcement of a zoning ordinance by providing the municipal authorities with knowledge of a contemplated use so they can determine whether or not the use complies with the building regulations.
After the defendant received the assurance from the town clerk that the contemplated use was lawful and permitted and there being in fact no zoning ordinance of the plaintiff town, the defendant, relying upon this assurance, concluded to buy the property and closed the transaction, accepted title, and paid the purchase price of $8,500. Appraisers hired by defendant, whose testimony upon the trial was not disputed, stated that for the purposes of gas station use, the property was worth from $9,000 to $9,750. If it were usable only for residential purposes its value would not exceed $1,800. In addition to the $8,500 which it paid for the property the defendant paid for legal services, appraisers’ services, a survey, the preparation of plans, specifications, sketches and the like, a total of something over $1,000 additional. Subsequently and on November 14, the plaintiff enacted a zoning ordinance and established a zoning map. The property which the defendant had theretofore bought and on which it had spent a substantial sum of money, by the ordinance was classified as residential and its use for any commercial purpose was expressly prohibited.
On November 22, the defendant commenced the actual construction of a gas station upon the property and construction continued from that date until December 1, 1955. During that period of time trees were removed, the property was graded, trenches were dug, footings were installed and the walls of the proposed gas station building were partly constructed. This involved an additional expense approximating $7,000. The defendant contends that the ordinance did not become effective until the 29th day of November, 1955, and that before that date it had so changed its position by the expenditure of the money hereinbefore specified, the making of contracts and the work of construction that it had acquired a vested right to the use *787 contemplated, and the right to complete the construction of the building. If it did acquire such right it is entitled to protection and cannot be deprived of such right by the newly enacted ordinance. (City of Buffalo v. Chadeayne, 134 N. Y. 163; Rice v. Van Vranken, 132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541.)
Plaintiff proved that upon the 17th of November, 1955, it caused to be served on B,. J. Christie, the local district agent of the defendant, a copy of the zoning ordinance, and claims that the effective date of the ordinance as to the defendant was, therefore, such date of service (see Town Law, §§ 133, 264). Even if the ordinance became effective on the date of service, the defendant had so changed its position and had expended so much money in reliance upon the assurance of the town clerk that it was entitled to protection. However, in our view, the ordinance did not become effective on the date of service by reason of the perfectly obvious fact that by its own terms (§ 30), it expressly provided that it did become effective on November 29, 1955. In view of this provision it could not be effective at an earlier date. Accordingly we are constrained to find and hold that the construction work carried on by the defendant between the 22nd and the 29th days of November, and the consequent expense, must be taken into account along with the funds previously expended, in determining whether or not the character and amount of defendant’s expenses were sufficient to have acquired for defendant a vested right to continue the construction of the building on the property and its use for gas station purposes. The expense of this construction, some $7,000, added to the amount that the defendant had already put into the property, clearly gave to the defendant a vested right to the contemplated use and entitles it to protection despite the ordinance. (City of Buffalo v. Chadeayne, 134 N. Y. 163, supra; Rice v. Van Vranken, 132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541, supra; Matter of Fox Lane Corp. v. Mann, 216 App. Div. 813, affd. 243 N. Y. 550; Best & Co. v. Village of Garden City, 247 App. Div. 893, affd. 273 N. Y. 564; People ex rel. Ortenberg v. Bales, 224 App. Div. 87, affd. 250 N. Y. 598; Edwards v. City of Watertown, 247 App. Div. 860; City of Little Falls v. Fisk, 24 N. Y. S. 2d 460.)
Judgment may enter dismissing the complaint, without costs. Counsel for defendant will submit proposed decree, approved in writing as to form by attorney for plaintiff. If such approval cannot be secured, form of decree may be settled on five days’ written notice.