In the Matter of SIDNEY FRIEND, Petitioner, *v.* RALPH B. FERIOLA et al., Constituting the Board of Appeals of the City of Yonkers, et al., Respondents.

Supreme Court, Westchester County, May 25, 1962.

*Jerome Beaudrias* for petitioner. *John F. Trainor, Corporation Counsel (Nazareth Magarian* of counsel), for respondents.

HUGH S. COYLE, J. This is a proceeding under article 78 of the Civil Practice Act, to rescind the decision and ruling of the Zoning Board of Appeals of the City of Yonkers, finding certain portions of petitioner's newly erected residence to be in violation of the Zoning Ordinance, refusing to grant to petitioner variances with respect to said alleged violations, and directing the removal thereof, and also to obtain an order directing the respondent, Superintendent of Buildings of said city, to issue a certificate of occupancy for petitioner's said residence.

On September 18, 1961, petitioner filed detailed building plans for a proposed new residence on a hillside plot, the grade of which declines sharply toward the rear from the grade of the street on which it fronts. Said plans clearly disclose as part of the construction, two " Wing Walls " extending from the front

corners of the residence to within two feet of the respective side lines of the property. Said walls were to be constructed of concrete block, the lower portions of which would serve to retain new fill and top soil to be placed to raise the grade of the front yard, and the upper portions of which would serve as a fence or barrier, fencing off the declivity to the rear thereof and eliminating a view of the massive foundation built up in the rear to support the residence of petitioner. Although said walls abut the front foundation wall of the building, they do not form any part of said foundation, and are not necessary to the support of said building. Said building plans also disclose a canopy over the front door of the residence that extends a distance of 4 feet 10 inches into the front yard.

On September 22, 1961, a permit for the construction of said improvements, in accordance with said filed plans, was issued to petitioner by the Yonkers Superintendent of Buildings and said permit has never been revoked.

After the issuance of said permit, construction was promptly commenced, and the improvement was substantially completed in compliance with the filed plans, and was ready for occupancy on or about December 31, 1961.

There is some evidence that on or about October 15, 1961, when the subject " Wing Walls " had been erected, there was a 24- to 48-hour stoppage of work upon an inspection of the premises by the Yonkers Building Superintendent, as the result of a complaint by a neighboring property owner, but the builder was then permitted by said Superintendent to proceed with the work, and it was not until November 6, 1961, three weeks after said inspection, that the Building Superintendent notified petitioner by letter, that the controversial " Wing Walls " and " Canopy " (all being then fully constructed), were in violation of the Building Zone Ordinance.

The petitioner, having received a permit for the construction of the above-described improvements and having, in good faith, brought same to an advanced state of completion before any question was raised by the authorities as to possible zoning violations, acquired a vested right to complete said improvements in conformance with the filed plans, and to thereafter occupy same, of which right he cannot now be deprived. (*City of Buffalo* v. *Chadeayne*, 134 N. Y. 163; *People ex rel. Evens* v. *Kleinert*, 201 App. Div. 751, 755.)

Also there is no clear evidence that because the controversial " Wing Walls " are located in the " side yard " of the property, they are in violation of the Building Zone Ordinance. It

was conceded that they are not part of the foundation walls of the residence structure, and therefore do not project said structure into the "side yard" in violation of said ordinance.

Furthermore, considering the contours of petitioner's property and of the adjacent lands, it appears that said walls serve a very necessary function in preventing soil erosion and as a safeguard barrier or fence along the edge of a steep declivity, all without any apparent or claimed interference with the light, air or view of the neighboring property owners. Under such circumstances, it would appear that respondents' contention that said " Wing Walls " are in violation because the ordinance defines a " side yard " as " an open unoccupied space ", and therefore forbids the construction thereon of necessary retaining walls and fences, calls for a too narrow and strained interpretation of the ordinance.

While the front door canopy complained of projects 4 feet 10 inches into the " front yard ", and therefore exceeds the 2-foot projection permitted by the Zoning Ordinance for " cornices or eaves ", the petitioner's front yard, if 1½ feet deeper than required by the ordinance, and the claimed violation is therefore minimal and one (being in fact 1 foot 4 inches) which, in the light of all of the circumstances, the Board of Appeals could and should have overcome by the granting of a variance.

Petitioner has acted in good faith and without fault in the construction of his residence, and unquestionably to comply with the mandate of the respondents, directing the removal of the claimed violations, would cause him unnecessary hardship, not only because of the expense involved, but also because he would be deprived of the necessary protection to person and property afforded by the " Wing Walls " and, in addition, the architectural composition of the whole improvement would be altered and damaged and the property therefore rendered less desirable.

The Board of Appeals is not vested with despotic and arbitrary powers; it must act intelligently and fairly and within the domain of reason. In the instant case and in the light of all the facts shown, reason dictates that the said Board of Appeals could and should have granted the relief sought by petitioner.

The finding and decision of the Board of Appeals is therefore rescinded and set aside, and the Building Superintendent of the City of Yonkers will be directed to issue a certificate of occupancy to petitioner.