DECISION
This is an appeal from a June 9, 1998 written decision of the Town of North Kingstown Zoning Board of Review (hereinafter referred to as the "Zoning Board"). In its decision, the Zoning Board upheld the determination of the Zoning Administrator and the decision of the Zoning Enforcement Agent, denying the Appellants' request for a building permit. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) §45-24-69.
 Facts and Travel
The subject property ("Property"), identified as Assessor's Plat 154, Lot 1, is located at 30 Devil's Foot Road. The Property is zoned as industrial. See Town of North Kingstown Zoning Ordinance § 21-363. Ross Hill Realty, Inc. ("Ross Hill") owns the Property, and Interstate Diesel Equipment Services, Inc. ("Interstate") conducts a heavy equipment repair and parts supply business (the "Use") on the Property. On or about December 6, 1997, Ross Hill received notice about an impending public hearing to consider the adoption of proposed amendments to the North Kingstown Zoning Ordinance ("Ordinance") and Zoning ("Map"). Specifically, the proposed amendments included changing the designation of the Property from industrial to light industrial.
On March 6, 1998, Ross Hill applied for a building permit to allow for an expansion of Interstate's Use on the Property. On or about March 30, 1998, the Zoning Administrator made a determination that Appellants' facility was located in a groundwater overlay district ("District") and therefore constituted a legal nonconforming use. See Letter from Director of Planning and Development to Ross Hill (Mar. 30, 1998). Subsequently, the Zoning Enforcement Agent denied the Appellants' application for a building permit. See Letter from Building Official to Ross Hill (Apr. 15, 1998). The Zoning Board heard the Appellants' appeal on May 26, 1998. In a written decision dated June 9, 1998, the Zoning Board unanimously upheld the Zoning Administrator's determination and the Zoning Enforcement Agent's decision, denying the Appellants' request for a building permit.[1]
On appeal to this Court, the Appellants argue that the Zoning Board's decision was in violation of constitutional, statutory, and/or ordinance provisions; was in excess of the authority granted to the Zoning Board by statute or ordinance; was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; and, was arbitrary, capricious or characterized by an abuse of discretion. In particular, the appellants contend that the Zoning Board erred in determining that the Property is within a District.
 Standard of Review
This Court possesses appellate review jurisdiction of a zoning board of review's decision pursuant to G.L. 1956 § 45-24-69, which states in pertinent part:
 "(c) The review shall be conducted by the superior court without a jury. The court shall consider the record of the hearing before the zoning board of review . . . .
 (d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board of review, a justice of the Superior Court may not substitute his or her judgment for that of a board of review if he or she conscientiously finds that a board of review's decision was supported by substantial evidence. Apostolou v. Genovesi,120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means in (sic) amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. At 507, 388 A.2d at 824-25)). A reviewing court must simply review the record to determine if competent evidence exists in support of a board of review's conclusions. New England Naturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Ass'n of Fire Fighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977)). Questions of law, however, are not binding upon a reviewing court and may be reviewed to determine what the law is and its applicability to the facts.
E.g., Carmody v. Rhode Island Conflict of Interest Com'n, 509 A.2d 453, 458 (R.I. 1986). On review of a Superior Court judgment, the Supreme Court determines whether legally competent evidence exists to support a decision of the Superior Court. Rhode Island Public Telecommunications Authority v. Rhode Island Labor Relations Board, 650 A.2d 479, 485 (R.I. 1994).
 Discussion
The issue before this Court is whether the Zoning Board erred in finding that the Property is located within a District. The appellees argue that the Zoning Board's determination should be upheld because the Ordinance "defines the characteristics required for a property to be labeled as being located" within a District, and the Property meets the definition contained in the Ordinance. Zoning Board's Decision at 2; see Ordinance § 17-8-6(a). Alternatively, the appellants contend that the Zoning Board's decision should be reversed because even though it may be possible to determine that the Property is located within a District through a detailed investigation of the Ordinance, such a zoning use district is not applicable unless depicted on the Map. See G.L. 1956 § 45-24-36.
Section 17-8-6(a) of the Ordinance designates a District to include:
 "all land in the town described in the report of the United States Geological Survey on ground water resources, Hydrological Characteristics and Sustained Yield of Principal Ground Water Units, Potowomut-Wickford Area, Rhode Island, upstream of any public well site and lying within the drainage basins of the Hunt (Potowomut), Annaquatucket and Pettaquamscutt Rivers, and having a transmissivity greater than 0 gallons per day per foot."
Based upon this definition in the Ordinance and a 1968 "map showing the Transmissibility (sic) of the Potowomut-Wickford Aquifer and Graphs for Estimating Water Supply Capacity, Potowomut-Wickford area, Rhode Island," the appellees' expert witness testified that the Property is located in a District. (Tr. at 40 — 43.) The appellants concede the expert's conclusion but, assert that competent evidence has been presented, and that the appellees have stipulated to the fact that the Map does not show the Property in a District. (Tr. at 6.)
In discussing zoning districts one learned treatise points out that the:
 "various districts referred to in the text of the zoning ordinance must be definitively established in relation to the various lands in the municipality either by a description in the text of the ordinance of the areas assigned to each classification or, more commonly, by depiction upon a zoning map which is incorporated into the ordinance by reference." Rathkopf's, The Law of Zoning and Planning, § 8.05[1] (2000) (citing In re Kensington-Davis Corp., 239 N.Y. 54, 145 N.E. 738 (1924) and Sampson v. Karnes, 415 S.E.2d 610 (W. Va. 1992) (zoning map settled question raised by language of ordinance regarding whether property was zoned for sales of mobile homes)).
Section 45 of the Rhode Island Zoning Handbook states in part, "Zoning ordinances must divide the city or town into zoning use districts, which must be depicted by type and location on the zoning map." (citing R.I.G.L. § 45-24-36). Section 45-24-36 of the Rhode Island General Laws reads:
 "A zoning ordinance divides a city or town into zoning use districts, which may include overlay districts and floating zone districts, of the number, kind, type, shape, and area suitable to carry out the purposes of [the Rhode Island Zoning Enabling Act of 1991]. Regulations and standards shall be consistent for each land use, type of development, or type of building or structure within a district, but may differ from those in other districts. Zoning use districts shall be depicted by type and location on the zoning map." (Emphasis added.)
Any judicial attempt at statutory interpretation is controlled by the maxim that the plain and ordinary language of the legislation should be given effect. Cocchini v. City of Providence, 479 A.2d 108, 111 (R.I. 1984). This Court's "task in construing any statute is to effectuate and establish the intent of the Legislature." In re Advisory Opinion to the Governor, 504 A.2d 456, 459 (R.I. 1986) (citing Howard Union of Teachers v. State, 478 A.2d 563, 565 (1984)). "When the language of a statute is unambiguous and expresses clear and sensible meaning, there is no room for statutory construction or extension, and [the court] must give the words of the statute their plain and obvious meaning." Id. (citing Fruit Growers Express Co. V. Norberg, 471 A.2d 628, 630 (1984)). Given these principles of statutory analysis, the plain language of R.I.G.L. §45-24-36 and the fact that the parties agree that the Map does not show the Property in a District, this Court finds that the Zoning Board's decision is affected by an error of law.
 Conclusion
After review of the entire record, this Court finds that the decision by the Zoning Board to uphold the Zoning Administrator's determination and the Zoning Enforcement Agent's decision is clearly erroneous and is not supported by the reliable, substantial, and probative evidence in the record.
Accordingly, the June 9, 1998 decision of the Zoning Board is reversed, and the Zoning Administrator is directed to process the application for a building permit.
Counsel shall submit the appropriate order for entry.
[1] The Zoning Board's denial was "based on the finding that a Groundwater Recharge Overlay District was adopted on April 8, 1974[;] the property in question is in fact located within a Groundwater Recharge Overlay District and the [Appellant] has not submitted any evidence to the contrary." Zoning Board's Decision at 2.